## THE STATE v. WYATT.

1. **Information:** OFFENSE JUDGED BY FACTS STATED. The offense charged in an indictment or information is to be determined from the facts alleged, and not from the name therein given to the offense.

2. **Assault:** DEFINITION: ERROR WITHOUT PREJUDICE. In a prosecution for an assault and battery, the court in an instruction defined an assault as "an attempt or offer, by force and violence, to do a corporal injury to another." *Held* too broad, because including a justifiable assault; but as the record shows no evidence of a justifiable assault, it must be presumed that there was none, and that, therefore, the error was without prejudice.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, DECEMBER 21, 1888.

AN information was filed against defendant before a justice of the peace, which, the justice held, charged the crime of assault and battery. Defendant was convicted of assault and battery, and from the judgment pronounced against him he appealed to the district court. On a trial in that court he was found guilty of an assault, and sentenced to pay a fine, and from that judgment he appeals to this court.

*W. S. Sickmon*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—I. The following is a copy of the information on which defendant was tried: "State of
1. INFORMATION: Iowa *v.* Nym Wyatt. The defendant is
offense
judged by accused of the crime of an assault with
facts stated. intent to inflict great bodily injury. For that the defendant, on the tenth of October, 1886, at the township of Bloomfield, in the county of

Polk, and state of Iowa, unlawfully and wilfully did strike at and choke one Charles Wagner, with intent to do him, the said Wagner, a bodily harm and injury, contrary to the statutes," etc.    In the district court the defendant demurred to the information, on the ground that it charged an indictable offense, to-wit, the crime of assault with intent to inflict a great bodily injury, and consequently neither the justice nor the district court had jurisdiction to try him thereon.    He also moved in arrest of judgment on the same ground.    The offense charged is determined by the statement of facts in the indictment or information, and not by the designation given in the caption.    *State v. Davis*, 41 Iowa, 311.    It is clear that the present information, in its statement of facts, charges an assault and battery.

II.    The district court instructed the jury that defendant might be convicted under the information of either an assault or assault, and battery.

2. ASSAULT: definition: error without prejudice.

Exception was taken to the definition of an assault given by the court, which is as follows:    "An attempt or offer, by force and violence, to do a corporal injury to another, is an assault."    That all the elements included in this definition might be present in a transaction, and the act not amount to a criminal assault, is certainly true.    For an attempt to do an injury to the person of another by violence may, under some circumstances, be lawful, as when the person acts in self-defense.    The evidence, however, is not before us, and we cannot presume that it tended to establish a state of facts which would have justified the act of which defendant was accused.    But, on the contrary, we are required to indulge every reasonable presumption in favor of the correctness of the action of the district court.    We presume, therefore, that the instruction was adapted to the evidence given on the trial, and in that view it is correct.    We have not found in the record any ground for disturbing the judgment, and it will be

AFFIRMED.