## STATE *vs.* LOUIS G. MARCKS, *et al.*

Opinion filed February 19th, 1894.

### Assault With Dangerous Weapon—Lesser Offense Included.

The offense of an aggravated assault with a dangerous weapon, committed with intent to do bodily harm, as defined by § 6510, Comp. Laws, necessarily includes in its commission a simple assault, but the offense does not necessarily include in its commission the offense of assault and battery.

### More than One Offense Charged—Demurrer.

Accordingly, *held*, construing § 7244, Comp. Laws, where defendants were charged in the information with the aggravated assault defined in § 6510, and with such charge there was blended in the same count a sufficient charge of assault and battery, that it was error to overrule a demurrer to the information interposed upon the ground that it stated more than one offense.

### Conviction for Assault and Battery—Judgment Arrested.

Upon the trial the jury were instructed, in effect, that if the evidence failed to show beyond a reasonable doubt that the defendants were guilty of the aggravated assault charged, but did show them to be guilty of assault and battery, they could find defendants guilty of the latter offense. The jury returned a verdict of guilty of assault and battery. A motion in arrest of judgment was overruled. *Held* error, construing § 7429, Comp. Laws.

## Error to District Court, McIntosh County; *Lauder*, J.

Louis G. Marcks and Joseph Miller were convicted of assault and battery, and bring error.

Reversed.

*Gaffy & Gunderson* and *Charles Mitschrick*, for plaintiffs in error.

The information charges "with intent to injure." The express language of the statute should have been followed. *State* v. *Clark*, 45 N. W. Rep. 910; *State* v. *Harrison*, 45 N. W. Rep. 777; *People* v. *Keefer*, 18 Cal. 636; *People* v. *Jacobs*, 29 Cal. 579.

The information attempts to charge two separate and distinct offenses, the lesser not being included in the greater. *Turner* v. *Judge*, 50 N. W. Rep. 310; *Moore* v. *Peo.*, 26 Ill. Ap. 137; *Sweeden* v. *State*, 19 Ark. 205; *State* v. *Smith*, 52 N. W. Rep. 320.

*W. .H. Standish, Att'y Gen'l.* and *A. W. Clyde, States Attorney*, for the state.

WALLIN, J. The plaintiffs in error were arraigned and tried upon an information filed against them by the state's attorney of McIntosh County, and were convicted of assault and battery, and sentenced to pay a fine of $75 each, and be imprisoned in the county jail for a period of 10 days. Motions in arrest of judgment and. for a new trial were made and overruled, and a bill embracing exceptions was settled. Such portions of the information as are deemed important in the decision of the questions raised on the record are given below: "Comes now A. W. Clyde, state's attorney, within and for said county and state, and herewith informs said court and says that a public offense, namely, the crime of assault with intent to do bodily injury, has been committed by said defendants in the manner following, to-wit:" The information then sets out that the defendants were, at the time and place stated, armed with dangerous weapons, which are described, and that being so armed, the defendants "did willfully, unlawfully, feloniously, and without justifiable or excusable cause, assault, and with said dangerous weapons then and there, and with great force and violence, strike, beat, cut, bruise, and dangerously wound and injure one Andreas Gunther, with the intent on the

part of them, the said Louis G. Marcks and Joseph Miller, and each of them, then and there, unto the said Andreas Gunther, to do bodily harm and injury; contrary to the statute in such case made and provided, and against the peace and dignity of the State of North Dakota." To the information plaintiffs in error filed separate demurrers, and alleged the followiug causes of demurrer: "*First*, that said information does not substantially conform to the requirements of the statute in that the offense is not stated; *second*, that more than one offense is attempted to be charged in said information; *third*, that the facts stated do not constitute a public offense." The demurrers were overruled, and defendants excepted to the ruling; whereupon the parties pleaded not guilty, and were tried before a jury. At the close of the testimony, the court instructed the jury as follows: ."The jury are instructed that if you fail to find the defendants, beyond a reasonable doubt, guilty of the crime alleged in the information, to-wit, assault with a dangerous weapon with intent to do bodily harm, then and in that case you may, if you find beyond a reasonable doubt, that defendants are guilty of the crime of assault and battery, render a verdict against them for the crime of assault and battery." An exception was saved to the above instruction to the jury. The following is the verdict: "We, the jury, find the defendants guilty of the crime of assault and battery,"—to which verdict the defendants excepted. Among other errors assigned in this court are, *first*, that the court erred in overruling the demurrers; *second*, erred in giving said instructions to the jury; *third*, erred in overruling defendants' motions in arrest of judgment; *fourth*, erred in denying defendants' motion for a new trial.

The information is obviously framed to charge the defendants with committing the statutory felony defined in the first part of § 309, Pen. Code, (§ 6510, Comp. Laws.) This particular offense was not, however, named nor correctly described in general terms in the formal accusation which precedes the stating or charging part of the information. In the preliminary accusation the pleader has used certain language which indicates a purpose to frame

the information under said section, but the language falls short, in that it omits to state that the assault was made with dangerous weapons, and thereby only a simple assault is stated. Such an error ought to be avoided, as the introduction is important, although not essential. The error is not one of substance.

The information is in one count, and an examination will show that the language employed in its stating or charging part is a good deal involved, and far from being lucid as a statement of the offense sought to be charged. But, in our opinion, when the language is taken all together and fairly construed, it will be found to embrace the essentials of the statutory offense of an assault with a dangerous weapon, made without justifiable or excusable cause, and with intent to do bodily harm. The only difficulty in reaching this conclusion arises with reference to the words used in charging the intent with which the assault was made and the person upon whom it was made. Such averments are, of course, vital in charging the statutory offense defined in § 6510, and it must be confessed that the information contains no independent allegations which charge the defendants with assaulting Andreas Gunther with the felonious purpose named in the statute. But the accusation of an armed assault is made in terms, and closely connected with this charge are averments charging defendants, then and there, with an assault and battery committed with the same weapons upon the person of Andreas Gunther, with the specific felonious purpose named in the statute. The averment is certainly inartificial, and not to be commended, but we have concluded that the words employed incorporate a charge to the effect that defendants, when armed with dangerous weapons, and without justifiable or excusable cause, made an assault upon Gunther, with the felonious intent of doing him bodily harm. From this conclusion it follows that the demurrer to the information upon the ground that the facts stated do not constitute a public offense was properly overruled.

But it also clearly appears that the information embodies a charge against defendants of committing another offense, *i. e.* the

common-law offense of assault and battery. The last named offense is one which is independent of the statutory felony defined in § 6510, and does not constitute an element of that offense. It is true that the information charges, in effect, that the assault and battery was committed with dangerous weapons, and with the felonious intent stated in the statute; but, after striking out such averments as surplusage, (and they are surplusage,) there is still left a sufficient charge of the independent crime of assault and battery. It follows that the demurrer to the information upon the ground that it stated more than one offense was well taken, and it was therefore error to overrule the same. For this error the judgment of conviction must be reversed. The information being fatally defective, no conviction under it can be sustained. The question presented upon this branch of the demurrer arises upon § 7244, Comp. Laws, which reads: "The indictment must charge but one offense." We have quite recently had occasion to construe this statute. See *State* v. *Smith*, (N. D.) 52 N. W. 320. The case we are now considering is ruled by that cited.

As prosecutions under the statute in question are frequent, we will, as a guide for future cases arising under it, dispose of one other assignment of error. As has been seen, the trial court instructed the jury, in effect, that if the evidence satisfied them beyond a reasonable doubt that the defendants were not guilty of the felonious charge, but were guilty of assault and battery, they could find defendants guilty of the offense of assault and battery. The jury returned a verdict for assault and battery. An exception to the instruction was saved, and a motion for a new trial was made. We think, however, that the point could have been as well presented on a motion in arrest of judgment, which was also made. Code Cr. Proc. § 425; Comp. Laws, § 7452. We are of the opinion that it was error to overrule the motion in arrest of judgment, not simply alone, and because the information was invalid in that it charged two offenses, but upon the further ground that no conviction for assault and battery can be had under an information

charging the particular felony created by § 6510 of the statute. We are clear that assault and battery is not a lower degree of the statutory crime, and that it is not an essential element in the greater offense. A simple assault is necessarily a part of the aggravated assault, but an assault and battery is not. Under the statute of this state, (§ 7429, Comp. Laws,) "the jury may find the defendant guilty of any offense the commission of which is necessarily included in that upon which he is charged in the indictment." *State* v. *Johnson,* (N. D.) 54 N. W. 547, (3 N. D. 150.) Under the rule of exclusion, this section must be so construed as to exclude all offenses which are not necessarily included in the commission of the higher offense charged in the information or indictment. The offense described in § 6510 is one which can be and often is consummated without a battery, and hence assault and battery is an offense not necessarily included in the commission of the statutory felony. It matters not that in this case the information charges an assault and battery, when armed with dangerous weapons, and with intent to do bodily harm. These averments charge no offense other than simple assault and battery, which offense, as has been seen, is not an essential element of the felony charged in the information. *Turner* v. *Muskegon, Circuit Judge,* (Mich.) 50 N. W. 310; *Territory* v. *Dooley,* (Mont.) 1 Pac. 747; *People* v. *Keefer,* 18 Cal. 637; *State* v. *White,* 45 Iowa. 325. The essential averments in describing the crime defined in the first part of § 6510 are few and simple. No battery should be charged even in those cases in which the proof will show that a battery was in fact committed in the act constituting the felonious assault. For the reasons already stated, the judgment of conviction in this case must be set aside, and case remanded for further proceedings, not inconsistent with this opinion. All concur.