(72 N. W. Rep. 913.)

---

## STATE OF NORTH DAKOTA *vs.* DANIEL MALONEY.

Opinion filed Nov. 8th, 1897.

### Assault with Intent to Kill—Conviction of Lesser Offense.

The defendant was charged by an indictment framed under section 7115, Rev. Codes, with the offense of assault and battery with intent to kill, while armed with a deadly weapon, to-wit, a knife. *Held*, construing section 8244, Id., that it was legally competent, under such a charge, for the jury to return a verdict of guilty of an aggravated assault, defined in section 7145, Id.

### Sending Jury Back to Correct Verdict.

After being charged by the court, the jury retired for deliberation, and later returned into court, and announced that they had agreed upon a verdict, and upon the request of the court the foreman of the jury read such verdict, which verdict, (omitting formal parts,) is as follows: "We, the jury, in the above-entitled cause, find the defendant, Daniel Maloney, guilty of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm." The court declined to receive said verdict, and it was not recorded. The court, in effect, stated to the jury that a verdict for the offense indicated by the terms of their verdict would be insufficient if it omitted to declare that the offense was committed "without justifiable cause or excuse." Error is assigned upon this instruction, and also upon the action of the court in sending the jury back for further deliberation. *Held*, that both assignments of error are valid, and must be sustained. *Held*, further, under the circumstances, of this case, that such errors did not prejudice the defendant.

Judgment Not Reversed for Mere Error in Procedure.

> The jury went out under said instructions, and subsequently returned into court with a verdict which was received and recorded, and upon which the judgment appealed from was entered. Error is assigned upon the last verdict upon the ground that the jury had exhausted their powers in returning their first verdict (which was valid and sufficient), and hence could not return another verdict in the case. The last verdict was identical with the first in all material features except that the words aforesaid—*i. e.* "without justifiable cause or excuse"—were added in the last verdict. *Held*, that the last verdict was valid. *Held*, further, upon facts stated in the opinion, that this court will not reverse a judgment for errors of mere procedure unless the error appears of record affirmatively.

Appeal from District Court, Ramsey County; *Morgan*, J.

Daniel Maloney, indicted under the name of Thomas Maloney, was convicted of assault with a dangerous weapon, and appeals. Affirmed.

*M. H. Brennan*, for appellant.

*J. F. Cowan*, Attorney-General, for respondent.

WALLIN, J. In this action the defendant was charged by indictment with the crime of assault and battery with intent to kill, while armed with a deadly weapon, to-wit, a knife. The indictment was obviously framed under the provisions of section 7115 of the Revised Codes. It was challenged by a motion in arrest of judgment. We think the indictment was sufficient in form and substance, and there can be no doubt of the jurisdiction of the trial court over the subject matter. It appears that, after being instructed by the trial court, the jury retired for deliberation, and subsequently came into court, and stated that they had agreed upon a verdict; whereupon, at the request of the court, the foreman of the jury read the verdict, which was as follows, omitting formal parts : " We, the jury in the above entitled action, find the defendant, Daniel Maloney, guilty of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm." Upon hearing the verdict read, the court said to the jurors that the verdict could not be received by the court, and said verdict was never received or recorded. The court then instructed the jury as follows : " I will give you this additional instruction in

writing, and no more. You ask me to tell you whether a certain portion of one of the verdicts can be left out or omitted from your verdict, and have the same received. Answering this question as to whether you can omit from one of the verdicts the words 'without justifiable cause or excuse,' I will say that you cannot omit those words from that verdict, and have it be a verdict of guilty of the offense of assault and battery with a sharp or dangerous weapon without justifiable cause or excuse, as the assault and battery must be without justifiable cause or excuse before the defendant can be guilty at all of the offense named. If the assault and battery were committed from a justifiable or excusable cause, the defendant would not be guilty. These several verdicts were prepared under my direction, and are in accordance with the statute in such cases made and provided, and it is for you to say which one is to be agreed to under the evidence and the law as given you." After receiving these instructions, the jury retired for further deliberation, and later returned into court with the following verdict, which was received and recorded, omitting formal parts : "We, the jury in the above entitled cause, find the defendant, Daniel Maloney, guilty of assault with a sharp or dangerous weapon with intent to do bodily harm, without justifiable cause." Upon this verdict the judgment appealed from was entered.

The errors assigned in this court relate, first, to the order overruling the motion in arrest of judgment. This we have already disposed of, and in fact this assignment seems to have been abandoned by counsel, not having been discussed in his brief. Second. Error is assigned upon a certain instruction to the jury relating to the doctrine of reasonable doubt. We think the assignment is wholly untenable (when the entire charge is taken into consideration), and shall, therefore, over-rule the point without further discussion. Third. Error is assigned upon the ground that counsel for the defendant was not present in court when either of the verdicts in question was brought into court by the jury. The record fails to disclose whether this statement is

true in fact or not. The record on the point being silent, the point is over-ruled on the ground that the error, if any, does not affirmatively appear upon the record. See *State* v. *Haynes*, 7 N. D. 70, 72 N. W. Rep. 923.

The most important questions in the case arise upon errors assigned upon the verdicts, and the instructions given to the jury when the jury came into court with their first verdict. Counsel claims that the court erred in not receiving the first verdict, and erred in stating the grounds and reasons to the jury upon which the court declined to receive such verdict. Counsel further contends that the second verdict was improperly and unlawfully found and returned into court, for the reason, as counsel claims, that a valid verdict upon the issues had previously been returned into court by the jury, and that the original verdict had exhausted the functions of the jury in the case; or, in other words; that the verdict last returned is absolutely void. Hence, as counsel contends, the judgment, which is based wholly upon the second verdict, cannot be lawful, and should therefore be reversed.

It will aid in the solution of the questions presented to consider, first, certain statutes bearing upon the subject matter. As we have stated, the indictment charges an offense defined by section 7115 of the Revised Codes. This section declares that any person "who commits an assault and battery upon another by means of any deadly weapon, · * * * with intent to kill any other person is punishable," etc. This statute defines an aggravated assault and battery with a deadly weapon, committed with a specific felonious intent, viz. an intent to kill. On a trial for this offense a simple verdict of guilty would legally declare that the accused was guilty of the aggravated assault and battery charged; *i. e.* an assault and battery with intent to kill. But it frequently happens that in trials based upon such a statute the evidence fails to show that the accused is guilty of the aggravated assault, and yet does show that he is guilty of an assault and battery or of a simple assault. To meet such a contingency, a statute has been enacted, voicing a rule existing at common law, declaring : "The

jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the information or indictment," etc. Rev. Codes, § 8244 Under this statute the defendant could lawfully have been found guilty of the offense of assault and battery, because that offense is necessarily involved in the commission of the aggravated offense charged in the indictment, and defined by section 7115. But the inclusive principle declared by section 8244, *supra*, is still more comprehensive, and will embrace an offense not included within the particular statute under which an information or indictment is framed. It will permit a jury to find a defendant guilty of any offense necessarily included in the commission of the offense charged. Applying this test, we discover that the aggravated assault and subordinate offenses mentioned in section 7145, Id., are within this principle of inclusion. It is manifest that an assault, or assault and battery, while armed with a sharp or dangerous weapon, with intent to do bodily harm, is an offense necessarily included in the offense of assault and battery with intent to kill, while armed with a deadly weapon. These explanations will show that in the case under consideration it was legally possible for the jury to return any one of five verdicts, viz. a verdict of not guilty, a verdict of guilty of assault, or guilty of assault and battery, or guilty of the aggravated assault set out in section 7145, or guilty of the aggravated assault and battery defined in section 7115. It appears in the record that the learned trial judge very properly prepared and furnished the jury with various forms of verdicts adapted to the various legal phases of the case, and instructed the jury to use the form adapted to the verdict which they might desire to return. Under the law and instructions of the court, the jury retired, and later came into court, and announced that they had agreed upon a verdict, and the foreman read the verdict which they had agreed to return. This verdict has already been set out. The trial court, as has been seen, declined to receive this verdict, and sent the jury out for further deliberation, after instructing them upon the law of the case, and

with respect to the forms of verdict in their possession. The instructions then given to the jury were to the effect that the verdict was incomplete, because it failed to declare on its face in terms that the assault and battery which the defendant committed when armed with a sharp or dangerous weapon with intent to do bodily harm was done "without justifiable cause or excuse." This instruction is challenged by an exception, and defendant further excepts to the action of the court in sending the jury out for further deliberation upon the case.

The question first presented on these exceptions is whether the verdict first brought into court was a valid verdict. We think it was valid. It declared that the "jury in the above entitled cause find the defendant, Daniel Maloney, guilty of of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm." It would doubtless be correct to charge the jury as a matter of law, to guide them in weighing the evidence in the case, that the defendant could not be found guilty of either an assault, an assault and battery, or an assault, armed with a sharp or dangerous weapon, with intent to do bodily harm, unless the fact appeared in evidence that the criminal act was committed "without justifiable cause or excuse." But the question before the trial court was not a question of evidence, but was whether the verdict brought in was sufficient in substance and form. To our minds, it is obvious that the verdict was, first, a verdict of guilty. This incriminates the defendant, and excludes a verdict of not guilty. Second, it found in express terms that the defendant was guilty of assault and battery. This feature implies that the defendant was guilty of the willful and unlawful use of force upon the person of another. Rev. Codes, § 7142. If the residue of the language of the verdict had been incomplete in fact, as it was thought to be by the court below, because the words, "without justifiable cause or excuse," were omitted, such residue could have been rejected as surplusage. If rejected, there would then remain a complete and formal verdict for assault and battery, which is an offense necessarily included in

the offense charged, and hence a legitimate verdict in the case. Surplusage can always be rejected. But we are of the opinion that the omission from the verdict of the words above quoted does not render the meaning of the verdict indefinite, or at all obscure. Omitting the words, "without justifiable cause or excuse," the verdict is clear and intelligible, and points directly to one offense, and one only, viz. an aggravated assault and battery, defined by section 7145 of the statute. In terms, it finds the defendant guilty of an assault and battery while armed with a sharp or dangerous weapon, and superadds the felonious intent named in the statute; *i. e.* with intent to do bodily harm. We see no essential element of this statutory offense which is not described by the language found in the verdict with reasonable clearness and certainty, and this is all the law requires in construing the language of verdicts. The well settled rule is that the language of verdicts must have a reasonable and liberal construction. If the verdict "finds the defendant guilty of something duly charged, and constituting an offense, yet less than the entire allegation, it cannot be treated as void; it is a conviction of a part." 1 Bish. New Cr. Proc. § 1005. The same author (section 1005) says : " The language of the verdict, being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it." See, to the same effect, *State* v. *Ryan*, 13 Minn. 370 (Gil. 343); *Hart* v. *State*, 38 Tex. 383. Applying the liberal rules of construction as laid down by these authorities, we have no difficulty in reaching the conclusion that the verdict first returned into court in this case was sufficient in both form and substance, and would sustain a judgment for the aggravated assault and battery described in the verdict, and defined in section 7145, which offense, as has been shown, is within the purview of the statute under which the indictment was framed. In the case at bar the record does not require us to determine whether an information or indictment which omits the statutory language, viz.

" without justifiable or excusable cause," would be insufficient in substance. On that point we express no opinion. Counsel cites *State* v. *Johnson*, 3 N. D. 150, 54 N. W. Rep. 547, as authority to show that it was fatal to omit from the first verdict the words, " without justifiable or excusable cause." It does not sustain the contention. In that case, as in this, the verdict operated to acquit the defendant of the offense charged in the information. But in the Johnson case, unlike the case at bar, the words employed in the verdict failed to point out clearly and distinctly another offense. In that case there was no reference to a sharp weapon, a dangerous weapon, a deadly weapon, or to any weapon. To have sustained the conviction for the aggravated assault defined in section 7145, for which offense Johnson was sentenced, required the court to go beyond any language used in the verdict, and spell out a public offense by mere inference or conjecture. This we declined to do in a criminal case. The verdict here is not at all similar. Its language points with unerring certainty to a particular offense, and to none other. The very terms of the verdict direct the attention of the court to the statute under which the sentence of the court must be pronounced. Our conclusion is that the court erred in requiring the jury to retire for further deliberation, and erred in instructing them that the words omitted from the first verdict—*i. e.* " without justifiable or excusable cause "—were essential parts of any verdict which was legally proper to return in the case.

But the jury, after having been sent out, returned into court with a verdict which has been quoted, and this verdict was received and recorded. The verdict as recorded was like the first in all of the material features. But the words, " without justifiable cause or excuse," were appended to it. In our opinion, for reasons already given, the last verdict was perfectly valid, but no more valid in matter of substance than was the first. It follows, necessarily, that the last verdict, if not impeached by some considerations extraneous to itself, will support the judgment and sentence in the case under consideration.

The question remaining is whether the jury which brought in the final verdict was a jury in the sense that it could lawfully return the verdict which it did finally return. We think this question must receive an' affirmative answer. After being impaneled and sworn to try the case, the jury heard the evidence, received the charge of the court, and retired for deliberation. It came into court with a verdict in a certain form. The verdict was erroneously deemed insufficient by the trial court, and, after the defects existing in the verdict (from the standpoint of the trial court) had been pointed out, the jury were sent back for deliberation upon the case. We discover in this episode in the trial only what is constantly occurring in the trial courts. Juries very frequently come into court, and, after announcing an agreement, present what they consider a valid verdict, but which is either informal or invalid in some respect, or is deemed to be by the trial court. In either of the contingencies suggested, the court has the undoubted right and authority to require a correction of the verdict at the hands of the jury, so as to make it conform to the views of the court in matter of law; and the views of the court in such a case are the law of the case so far as the duty of the jury is concerned. The jury must conform to the directions of the court in matters of law, and modify their action accordingly. The jury cannot determine for themselves whether or not the court is mistaken in its view of the law, while the court, on the other hand, is clothed with plenary judicial power to determine whether or not the verdict offered is valid in form and substance, and whether or not it will send the jury back for further deliberation. Hence, from the standpoint of authority, the trial court has jurisdiction in all such cases to send the jury back for deliberation, and to instruct them with respect to the law of the case before sending them back. That the jury, after being instructed, has a right to retire, and deliberate upon their verdict, and in so doing to conform their action to the instructions of the court, is a necessary sequence. It is their clear duty to obey the instructions of the court in all matters of law. In

this case, the jury, by their verdict, did conform to the instructions given by the court with respect to the form of their verdict. They supplied in their last verdict the very words which they were told by the court were essential words. We cannot concede for a moment that the jury was not a jury when it returned its last verdict. Whether the last verdict is valid or not is an independent question. Verdicts are often invalid when brought into court by a jury having full authority to return a verdict. We have said that the instructions given to the jury were erroneous. In our opinion, the original verdict was valid, and the words appended to the original when it was brought into court the second time, viz. "without justifiable or excusable cause," were superfluous words.

The question is now presented whether the defendant has been in any wise prejudiced by the errors we have pointed out in the procedure had at the trial. This question, in our judgment, must be answered in the negative. True, it might have happened, under the directions given the jury before sending them out for further deliberation, that the trial would have resulted differently. The jury had full control of the evidence and facts, and consequently had authority to return any of the various verdicts warranted by the law of the case. So far as authority goes, the jury might have returned into court with a verdict either more or less favorable to defendant than that originally brought into court by them. But counsel contends that, inasmuch as the jury had the power to bring in a verdict for the offense charged, viz. assault and battery with intent to kill, which is punishable with greater severity than the offense described in the first verdict, he was prejudiced. We could indorse this view of the counsel if the verdict finally returned had in fact found the defendant guilty of a more aggravated offense than the first, because, in the event suggested, the defendant would have been liable to receive a much more severe penalty than could have been inflicted under the first verdict. But the actual case is wholly different. The defendant stands before this court, and stood in the trial court, in

no worse position than he occupied when the first verdict was brought into court. The two verdicts were identical in their legal effect and in all possible consequences which could hinge upon them. Finding no substantial error in the record, the judgment will, in all respects, be affirmed. All the judges concurring.