(94 N. W. 766.)

---

STATE OF NORTH DAKOTA *v.* BENJAMIN K. CLIMIE.

Opinion filed April 28, 1903.

**Information—Duplicity.**

1. When the offense charged in the information includes another smaller constituent offense, the charge of such other offense will not render the information *duplicitas*.

**Assault with Dangerous Weapon.**

2. On an indictment or information for assault and battery with a dangerous weapon, without justifiable or excusable cause, and with intent to do bodily harm, as defined in section 7145, Rev. Codes, accused can lawfully be convicted of simple assault and battery.

Conviction.

3. An information is sufficient which sets out every ingredient of the offense defined by statute, and in the language of the statute, together with the identifying particulars indicated by sections 8039, 8040, and 8047, Rev. Codes.

Appeal from District Court, Griggs County; *Glaspell, J.*

Benjamin K. Climie was convicted of assault and battery, and appeals.

Affirmed.

*Lee Combs,* for appellant.

The crime of assault and battery is no part of the offense of assault with a dangerous weapon; the court erred in instructing the jury that it could return a verdict of assault and battery; it further erred in denying defendant's motion to arrest the judgment, and motion for a new trial, and to set aside the verdict. The court also erred in overruling the demurrer to the information. Such errors of the court are based upon the claim made by the defendant, that the information states two separate offenses.

The offense alleged is assault with a dangerous weapon, and without justifiable or excusable cause, with intent to do bodily harm. The pleader then follows with an allegation of facts that tend to show the commission of an assault and battery with a dangerous weapon, which invalidates the information, as incorporating two separate and distinct offenses, contrary to law. *State* v. *Smith,* 2 N. D. 515, 52 N. W. Rep. 320; *State* v. *Marcks,* 3 N. D. 532, 58 N. W. Rep. 25; *State* v. *Garvey,* 11 Minn. 154.

*Benjamin Tufte,* state's attorney, for respondent.

In the case of *State* v. *Marcks,* 3 N. D. 532, 58 N. W. Rep. 25, the information was drawn under section 6510 Comp. Laws of 1887. There was then no such offense as an aggravated assault and battery. The court simply held, inasmuch as a battery is not included in an assault, an information alleging an aggravated assault and battery would be double and subject to a demurrer. The crime of simple assault and battery is necessarily included in the charge of aggravated assault and battery, defined in section 7145. *State* v. *Maloney,* 7 N. D. 119, 72 N. W. Rep. 927. An indictment for assault, assault and battery with intent to murder must set out the assault, or assault and battery with such accuracy as is ordinarily employed in setting

out these charges. Enc. Pl. & Pr. Vol. 8, page 851; *Miller* v. *State*, 53 Miss. 403; *Williams* v. *State*, 42 Miss. 328.

COCHRANE, J.   The accused was informed against by the state's attorney of Griggs county for an assault and battery with a dangerous weapon, with intent to do bodily harm, and without justifiable or excusable cause, as defined in section 7145, Rev. Codes. The information, omitting the title, commencement, and concluding part, reads as follows: "Benjamin Tufte, state's attorney in and for said county of Griggs and state of North Dakota, in the name and by the authority of the state of North Dakota, informs this court that heretofore, to wit, on the twelfth day of June, in the year of our Lord one thousand nine hundred and two, at the county of Griggs, in the state of North Dakota, one Benjamin K. Climie, late of the county of Griggs and state aforesaid, did commit the crime of assault and battery, with a dangerous weapon, in the manner following, to wit: That at said time and place the said Benjamin K. Climie, without justifiable or excusable cause, armed with a dangerous weapon, and with intent to do bodily harm in and upon the person of one George H. Lawrence, then and there being, did willfully, unlawfully and feloniously commit an assault, on him, the said George H. Lawrence, the said Benjamin K. Climie, then and there armed with a dangerous weapon, and without justifiable or excusable cause, willfully, unlawfully, and feloniously, and with said dangerous weapon, and with intent to do bodily harm to said George H. Lawrence, did strike and ill treat and wound in and about the head." The statute upon which this information was drawn reads: "Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another, with any sharp or dangerous weapon, or who without such cause shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not less than one and not exceeding five years, or by imprisonment in a county jail not exceeding one year." Section 7145, Rev. Codes.

Appellant assails this information, as duplicitous, and claims to have saved his right to insist upon this objection on appeal by the interposition in proper time of a demurrer, specifying as grounds therefor that more than one offense is charged in the information. Counsel

for the state seek, by a preliminary motion, to eliminate from the record in this case the demurrer to the information, because it was not reduced to writing and signed by defendant's counsel and filed with the clerk before trial.   Counsel for appellant insists that his objections to the information were dictated to the stenographer before pleading and in open court; that permission was given him to file his formal demurrer later, as of the date when his objections were in fact made.

We will, for the purposes of this case, assume, without deciding the motion, that the demurrer, as required by section 8092, Rev. Codes, was filed in proper time.   Unless the demurrer was so filed, distinctly specifying duplicity as one ground of objection, the assignment that the information is duplicitous could not be considered on this appeal, as the point is waived if not taken by demurrer. Section 8099, Rev. Codes.

Appellant insists that the information charges a felonious assault, and also an assault and battery with a dangerous weapon, with intent to do bodily harm, and is therefore duplicitous.   An assault is necessarily included as a constituent element in every assault and battery, and of assault and battery with a dangerous weapon, with intent to do bodily harm.   While an assault is an offense, an assault followed by a battery is also a single offense.   There cannot be a battery without an assault.   At common law, an assault and battery committed at the same time was considered as but one offense, and could be so charged.   An assault not followed by a battery could be punished as an offense, but if followed by a battery the assault was merged in the battery.   1 Hawkins' P. C. 263, c. 62, section 1; *Com.* v. *Eaton,* 15 Pick. 273; *Com.* v. *Tuck,* 20 Pick. 361; *State* v. *Reed,* 40 Vt. 603; *State* v. *Locklin,* 59 Vt. 654, 10 Atl. 464.   In *Com.* v. *Tuck,* the court, in citing the rule against duplicity, said: "It has exceptions. Where two crimes are of the same nature, and necessarily so connected that they may, and, when both are committed, must, constitute but one legal offense, they should be included in one charge." The court then instances assault and battery as a familiar example of the rule stated.   Our statute follows this distinction.   An assault is defined as "any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another."   Section 7141, Rev. Codes.   "A battery is any willful and unlawful use of force or violence upon the person of another."   Section 7142, Rev. Codes. Every willful use of force necessarily includes a willful attempt or

offer to use force. If the attempt falls short of actual accomplishment, it is punishable, if willfully and unlawfully done; but if the attempt is successful of accomplishment, and an actual battery results, the assault and battery is by the statute described as but a single offense. The assault is merged in the assault and battery. Section 7144, Rev. Codes. Likewise the aggravated assault and battery with a sharp or dangerous weapon (described in section 7145, Rev. Codes) includes within it the smaller constituent offense of simple assault and battery; and it would be absurd to say that an information could not charge the aggravated assault and battery defined by this section without rendering it obnoxious to the section declaring that the information must charge but one offense. The rule is that, when the offense charged includes another or smaller constituent offense, the charge of such other offense will not render the information double. *State* v. *Lillie,* 21 Kan. 729; *State* v. *Hodges,* (Kan.) 26 Pac. 676; *Territory* v. *Milroy* (Mont.) 20 Pac. 650; *Lawhead* v. *State* (Neb.) 65 N. W. 779; *Aiken* v. *State* (Neb.) 59 N. W. 888. The statute authorizing the conviction of one accused of any offense necessarily included in that with which he is charged in the information is a legislative recognition of this rule. Section 8244, Rev. Codes. In the case at bar the information does not charge simply an assault with a dangerous weapon, but an assault and battery with a dangerous weapon. Therefore the language quoted by counsel for appellant from the opinion in *State* v. *Marcks,* 3 N. D. 532, 58 N. W. 25, is inapplicable. For the reasons already expressed, defendant's objection that he could not be legally convicted of assault and battery upon this information is without merit. *State* v. *Maloney,* 7 N. D. 119, 72 N. W. 927; *State* v. *Montgomery,* 9 N. D. 405, 83 N. W. 873; *State* v. *Belyea,* 9 N. D. 353, 363, 83 N. W. 1.

Defendant's demurrer stated the second and further ground that the information does not charge facts sufficient to constitute a public offense. Defendant's counsel does not point out wherein he considers the accusation insufficient. A comparison of this pleading with the statute on which it is drawn will disclose the fact that the pleader has set forth every ingredient of the offense defined by the statute, and in the language of the statute, and also such identifying particulars of time, place, means, party injured, and circumstance as to fully advise the accused of the exact nature of the charge against him. It fully answers the statutory provisions as to certainty and sufficiency. Sections 8039, 8040, 8047, Rev. Codes.

The judgment appealed from is affirmed. All concur.
(94 N. W. Rep. 574.)