## STATE v. WOODELL.

### (132 N. W. 1003.)

**Demurrer to information — necessity of writing.**

    1. Section 9901, Revised Codes 1905, provides that a demurrer to an information must be in writing, signed by the defendant or his attorney, and filed. Those requirements must be met, unless waived. Whether there was a waiver in this case not decided.

Note.—The general question of charging two or more offenses in the same indictment is treated in a note in 58 Am. Dec. 238, where, in harmony with the ruling in STATE v. WOODELL, it is declared that charging in the same indictment different grades of the same offense does not render the indictment bad for duplicity.

**Indictment — duplicity.**

> 2. Information in this case examined upon its merits, and, following the rule in State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211, *held*, that such information does not charge two offenses.

Opinion filed October 3, 1911. Rehearing denied October 31, 1911.

Appeal from District Court, La Moure county; *Goss,* J.

George Woodell was convicted of assault and battery with a danger-ous weapon, and appeals.

Affirmed.

*Barnett & Richardson,* for appellant.

*George P. Jones,* State's Attorney, for the State.

BURKE, J.    The defendant was convicted in the district court of assault and battery with a dangerous weapon, with intent to do great bodily harm, without justifiable or excusable cause.    He appeals, as-signing as error the ruling of the trial court upon an oral demurrer to the information and upon a motion to compel the state to elect which of the two charges would be relied upon for conviction.

The wording of the charging part of the information is as follows: "That at said time and place said defendant, George Woodell, in and upon the person of one Otto Skidmore, with a heavy hardwood stick (a dangerous weapon, likely to produce death or great bodily harm), wil-fully, unlawfully, feloniously, and without justifiable cause or excuse, did make an assault, and he, the said George Woodell, with a heavy hardwood stick (a dangerous weapon as aforesaid), which he, the said George Woodell aforesaid, in his hand then and there had and held, did then and there wilfully, feloniously, unlawfully, and without justifiable cause or excuse, strike, beat, illtreat, and seriously wound in and about the head the said Otto Skidmore, all of which acts of the defendant, George Woodell, were done with great force and violence, and with intent to do great bodily harm to the said Otto Skidmore."

1. No written demurrer was filed to this information, but when the case was reached for trial the attorney for the defendant stated orally in open court that he demurred to the information upon the ground that it stated more than one offense.    Section 9901 of the Revised Codes of 1905 provides that the demurrer must be in writing, signed by the de-

fendant or his attorney, and filed in court. Those are reasonable requirements, enacted for the protection of the state, and must be complied with. 22 Cyc. 428; Sims v. State, 110 Ga. 290, 34 S. E. 1020, and cases cited. Appellant, however, insists that the state has waived this point, because the attention of the defendant was not directed to this defect, and because the trial court overruled the demurrer, instead of striking it out. In view of our conclusion that the point presented by the demurrer was not good upon the merits, it is unnecessary to pass upon the question of waiver of the requirements of § 9901.

2. Assuming, without holding, that the defendant had interposed a sufficient demurrer, we pass to a consideration of its merits. When asked by the trial court to point out the two crimes charged in the information, the defendant said that "one is assault with a dangerous weapon and the other is assault and battery with a dangerous weapon." This identical question was passed upon by this court in the case of State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211, where it was squarely held that the offense of assault and battery with a dangerous weapon included the lesser offense of assault with a dangerous weapon. We see no reason to change our holding in this case. As pointed out in the Climie Case, the case of State v. Marcks, 3 N. D. 532, 58 N. W. 25, is not in point, as it construed an old law since amended, Comp. Laws 1887, § 6510. Said section read merely, "Any person guilty of assault with a dangerous weapon," etc., while the present law reads, "any person guilty of any assault, or *assault and battery* with a dangerous weapon," etc.

While it is true that the caption of the information states that the offense charged is assault with a dangerous weapon, yet this designation does not govern over the body of the information. In the main part of the information the facts set forth show the offense charged to be assault and battery with a dangerous weapon. No doubt the state was induced to designate the crime as assault with a dangerous weapon, because of the caption over said section in the Code. Holding, as we do, that the information charges the larger offense, the fact that the lesser is also set forth does not make the information duplicitous. State v. Maloney, 7 N. D. 119, 72 N. W. 927; State v. Belyea, 9 N. D. 353, 83 N. W. 1; State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211.

The rulings of the trial court were correct, and the judgment is affirmed.

Goss, J., having tried the case below, did not sit; his place being taken by Honorable A. G. BURR, of the Ninth Judicial District.