[File No. Cr. 78.]

STATE OF NORTH DAKOTA, Respondent, v. SELMER BEN-DICKSON, Appellant.

(242 N. W. 693.)

Opinion filed May 19, 1932.

*McCulloch & McCulloch* and *R. L. Fraser,* for appellant.

*James Morris,* Attorney General, and *G. A. Lindell,* state's attorney, for respondent.

BERRY, Dist. J.   The defendant, Selmer Bendickson, was convicted in the District Court of McLean county of the crime of burning buildings other than dwellings, as defined by § 2, of chapter 115, of the Session Laws of 1929.   His motion in arrest of judgment was denied, and judgment was entered on the verdict.   He appeals from the order denying the motion and from the judgment.

On January 30th, 1931, defendant, Selmer Bendickson, was the owner of a garage, not a parcel of a dwelling house, which was fully insured, if not over insured, against loss or damage by fire.   He procured one Jacob F. Kempf to set fire to the garage, and promised Kempf "that he would make it right with him, if Kempf did this burning."

The garage was set on fire by Kempf at six o'clock A. M. on January 30, 1931, while the defendant was at Bismarck.   Kempf confessed, implicated the defendant in the matter, pleaded guilty, and was sentenced to the penitentiary for his part in the transaction.   On the trial Kempf was returned from the penitentiary and testified as a witness for the state against the defendant, Selmer Bendickson.   Defendant admitted his guilt to several parties before the trial.

The questions raised on this appeal may be considered under two

general classifications, objections to the sufficiency of the indictment, and objections to the sufficiency of the verdict.

Counsel for the defendant couches the objection to the indictment in the following words: "That the indictment does not state facts sufficient to constitute a public offense, particularly, that the indictment· charges the defendant with the crime of arson and that the facts alleged in the indictment do not constitute the crime of arson."

The following is the charging part of the indictment:

"That heretofore, to-wit, On the 30th day of January, in the year of our Lord One Thousand Nine Hundred and Thirty-one, at the County of McLean, in the State of North Dakota, one Selmer Bendickson, late of said County of McLean and State aforesaid, did commit the crime of Arson, committed as follows, to-wit: That at the said time and place, the said Selmer Bendickson did corruptly, wickedly, advisedly, wilfully, maliciously, feloniously and intentionally procure one Jacob F. Kempf feloniously, wilfully, maliciously and unlawfully to set fire to and to burn a certain building, not a dwelling house, more specifically described as follows, to-wit: A garage of the said Selmer Bendickson, situated in the City of Garrison, in the County of McLean, and State of North Dakota, then and there the property of the said Selmer Bendickson, and which said building was then and there at the time of committing of the crime aforesaid, insured against loss and damage by fire under a subsisting, valid and legal contract of insurance, properly executed and delivered for legal consideration in accordance with the laws of the State of North Dakota pertaining to fire insurance by the Girard Fire & Marine Insurance Company, Chicago, Illinois, a corporation, in the sum of $500.00 and by Northwestern Fire & Marine Insurance Company, Minneapolis, Minnesota, a corporation, in the sum of $1,300.00, by then and there wickedly, advisedly and corruptly offering to the said Jacob Kempf a reward with intent to him the said Selmer Bendickson thereby then and there to procure him, the said Jacob F. Kempf feloniously, wilfully, and maliciously to set fire to and burn the said garage aforesaid, with intent of him, the said Selmer Bendickson, then and there to injure and defraud others, to-wit: the said insurers.

"This contrary to the form of statutes in such case made and provided and against the peace and dignity of the State of North Dakota."

Sections 1 and 2, of chapter 115, of the Session Laws of the state of North Dakota for the year 1929, read as follows:

"§ 1. *Arson. Punishment.* Any person who wilfully and maliciously sets fire to, or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable, or other out house that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, with intent thereby to injure, damage or defraud another, shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not less than two or more than twenty years.

"§ 2. *Burning Buildings Other Than Dwellings.* Any person who wilfully and maliciously sets fire to, or burns or causes to be burned or who aids, counsels or procures the burning of any barn, stable, garage or other building, whether the property of himself or of another, not a parcel of a dwelling house, or any shop, storehouse, warehouse, factory, mill or other building, whether the property of himself or of another; or any church, meeting house, court house, work house, school, jail or other public building or any public bridge, shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years."

From an examination of the indictment we find that it contains all of the material allegations of the crime of burning buildings other than dwellings, defined by § 2 of said chapter. From an examination of the record it appears that the trial court charged the jury with reference to said § 2, and sentenced the defendant for a term of one to two years, as provided by said section.

It should be borne in mind that said chapter 115 repealed §§ 9849–9867 of the Compiled Laws of 1913. Section 9849 defines arson as "The wilful and malicious burning of a building with intent to destroy it." By the new act, arson is defined by § 1, supra, as the burning of a dwelling or a parcel thereof. Section 2 of said chapter makes the burning of a garage, other than a dwelling or parcel thereof, a crime, but does not call it arson. It will be observed that the different degrees of arson have been abolished by chapter 115, supra.

In determining the sufficiency of informations and indictments, the test laid down by our code, in section 10885, of the 1913 Compiled Laws, is as follows:

"What Information or Indictment Must Contain. The information or indictment must contain:

"1. The title of the action, specifying the name of the Court to which the information or indictment is presented, and the names of the parties.

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

If the indictment in the case at bar complies with the requirements of the foregoing section it is sufficient. It will be noted that the statute does not require the name of the offense to be contained in the indictment, simply that the acts constituting the offense should be set forth therein.

The general rule is that "When the facts, acts, and circumstances are set forth with sufficient certainty, it is not a fatal defect that the indictment or information gives the offense no name, or an erroneous name. So, too, an indictment is good as charging the offense which the facts set forth in the indictment constitute under the law, notwithstanding an improper characterization thereof in the caption." 31 C. J. 669, and notes. This rule is sustained by the decided weight of authority.

This Court, in State v. Marcks, 3 N. D. 532, 58 N. W. 25, in referring to the information where the offense was erroneously named, uses the following language:

"The information is obviously framed to charge the defendants with committing the statutory felony defined in the first part of § 309, Pen. Code (§ 6510, Comp. Laws). This particular offense was not, however, named nor correctly described in general terms in the formal accusation which precedes the stating or charging part of the information. In the preliminary accusation the pleader has used certain language which indicates a purpose to frame the information under said section, but the language falls short, in that it omits to state that the assault was made with dangerous weapons, and thereby only a simple assault is stated. Such an error ought to be avoided, as the introduction is important, although not essential. The error is not one of substance."

In State v. Wyatt, 76 Iowa, 328, 41 N. W. 31, the Supreme Court of

Iowa, in discussing the subject makes a very terse and pointed statement of the law:

"The offense charged is to be determined by the statement of facts in the information, and not by the designation given in the caption."

There are some cases which hold that the name of the offense must be stated in the caption of the indictment, some of which have been cited by the defendant. We feel that the better reasoning and the weight of authority sustains the rule announced by this court in State v. Marcks, supra, and the Iowa Supreme Court in State v. Wyatt, supra. A plea of former jeopardy could be successfully interposed by the defendant, Selmer Bendickson, should he be again prosecuted upon the same facts for the offense defined by § 2 of said chapter.

Our Code, in § 10,694, of the 1913 Compiled Laws, provides as follows: "No information or indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The defendant complains that the allegation contained in the indictment charging malice was set forth with too much detail, showing the policies of fire insurance in force upon the garage at the time that the offense was committed. The defendant should not complain on that ground. All the evidentiary facts contained in the averments complained of were admissible to show malice and motive. The defendant could not have been misled by having the particulars of the alleged malice set forth in the indictment. The indictment complied with § 2 of said chapter in its averment with respect to malice. The additional descriptive words may be disregarded as surplusage. "When compliance is had with the statute in regard to the allegations of malice and intent, additional descriptive words may be deemed mere surplusage and disregarded." 5 C. J. 560.

The defendant objects to the verdict upon the ground that it finds the defendant guilty of arson, as charged in the indictment, claiming that § 2 of said section is not arson. We feel that the language of the verdict should be interpreted in connection with the indictment and charge of the court.

The Supreme Court of South Dakota, in discussing this subject in State v. Hayes, 23 S. D. 596, 122 N. W. 652, uses the following lan-.

208

guage: "Finally it is contended that the verdict is not definite and certain as to the offense of which the defendant was accused and convicted. Considering the language of the verdict in connection with the information and charge of the court, there is no room for doubt as to the intention of the jury."

Considering the language of the verdict in the case at bar in connection with the wording of the indictment, and the charge of the Court, we feel that there is no difficulty in determining that the offense of which the defendant was convicted is the one defined in § 2 of said chapter.

We find that there was no prejudicial error committed by the trial court and that the verdict of the jury and the judgment of the court should be affirmed, and the judgment of the lower court is accordingly affirmed.

CHRISTIANSON, Ch. J., and NEUSSLE, BURR, and BIRDZELL, JJ., concur.

Mr. Justice BURKE did not participate, Hon. H. L. BERRY, Judge of Sixth Judicial District, sitting in his stead.