STATE of North Dakota, Plaintiff and Respondent,

v.

E. W. FEIST, Defendant and Petitioner.

Cr. 290.

Supreme Court of North Dakota.

Dec. 18, 1958.

Rausch & Chapman, Bismarck, for petitioner.

Harold L. Anderson, State's Atty., and Robert H. Lundberg, Asst. State's Atty., of Burleigh County, Bismarck, for respondent.

MORRIS, Judge.

E. W. Feist has petitioned this court for a writ of habeas corpus. He is imprisoned in the county jail of Burleigh County by and in the custody of John F. Barnes, the sheriff of that county. It appearing that the petitioner had made an application to the District Court of Burleigh County for a writ of habeas corpus, which application was denied, we entertained the petition.

The record shows that the petitioner was arrested on a warrant issued by I. M. Oseth, a justice of the peace of Burleigh County, on October 16, 1958. The warrant was issued pursuant to a criminal complaint charging the petitioner with committing the crime of obtaining money by false pretenses in that he did wilfully and unlawfully,

> "with intent to cheat and defraud, designedly, by the color and aid of a false writing, namely, a false and purported check, dated on said day, drawn upon The Bank of North Dakota, made payable to the order of 'Cash', and signed with the signature: E. W.

Feist, for the sum of twenty-five dollars, which he then and there presented to F. W. Woolworth Co., its servants and agents, obtaining from them the sum of twenty dollars in cash, which was given to him by them in reliance upon the said writing, and which writing was then and there false and fraudulent in that there was in the bank on which the same was drawn no funds or credit to meet the same, which fact was then and there fully known to the said E. W. Feist."

The petitioner was promptly brought before the justice of the peace. His request for a postponement of preliminary examination to enable him to procure counsel was granted. The preliminary examination was held on October 27, 1958 at which time the petitioner appeared personally and by counsel. He was held to answer to the charge of obtaining money under false pretenses and admitted to bail. He was unable to furnish the required bail and remains in the custody of the sheriff of Burleigh County.

The statute under which the petitioner was held is Section 12–3807, 1957 Supplement to NDRC, and reads as follows:

> "The use of a matured check or other order for the payment of money, as a means of obtaining any signature, money, or property, such as is specified in Sections 12–3804, 12–3805 and 12–3806, by a person who knows that a drawer thereof is not entitled to draw for the sum specified therein, upon the drawee, is the use of a false token within the meaning of those sections although no representation is made in respect thereto."

This section was enacted as Chapter 118, Session Laws N.D.1951. The crime described therein may be punished by imprisonment in the penitentiary and is therefore a felony.

The petitioner takes the position that the complaint while denominating his offense as that of obtaining money by false pretenses, a felony, in truth and in fact states only an offense under the provisions of Section 6–0816, 1957 Supplement to NDRC enacted as Chapter 99, Session Laws N.D. 1957, which, among other things, makes the issuance of a check without having funds in the bank on which it is drawn punishable by a fine of not more than one hundred dollars or imprisonment in the county jail for not more than thirty days, or both, which is a misdemeanor triable before a justice of the peace. It is unnecessary to go into the details of the petitioner's argument as to which statute is controlling. It concedes that the complaint is sufficient to charge the defendant with the commission of a crime under Section 6–0816, 1957 Supplement to NDRC, a misdemeanor which he contends is only triable before a justice of the peace and is not within the jurisdiction of the district court.

 Bearing in mind that this is an application for a writ of habeas corpus we would point out that a habeas corpus proceeding cannot be utilized as a substitute for an appeal and the inquiry in such a proceeding is limited to questions of jurisdiction. The court to which the application for a writ is made can inquire only into the correctness of the acts of the trial court to the extent of determining whether it acted within its jurisdiction. Mazakahomni v. State, 75 N.D. 73, 25 N.W.2d 772; Davidson v. Nygaard, 78 N.D. 141, 48 N.W.2d 578; State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849.

 If the petitioner is correct in his contention that the complaint sets forth facts stating a crime less than that of false pretenses it nevertheless does state a crime. A mere misnomer of the offense would not be fatal to the validity of the complaint or to an information filed in the district court when the matter comes on for trial. State v. Bendickson, 62 N.D. 201, 242 N.W. 693;

State v. Simpson, 78 N.D. 571, 50 N.W.2d 661; State v. Hefta, N.D., 88 N.W.2d 626.

The argument pressed most fervently by the petitioner is that his offense as detailed in the complaint constitutes a violation of Section 6–0816, 1957 Supplement to NDRC and constituting a crime triable in justice court is not within the jurisdiction of the district court. Resort to the Constitution of North Dakota dissipates that argument. Section 103 provides:

"The district courts shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law."

Section 112 provides for justices of the peace and so far as pertinent here states:

"The legislative assembly shall provide by law for the election of justices of the peace in each organized county within the state. * * * The justices of the peace herein provided for shall have concurrent jurisdiction with the district court in all civil actions when the amount in controversy, exclusive of costs, does not exceed two hundred dollars and in counties where no county court with criminal jurisdiction exists they shall have *such jurisdiction* to hear and determine cases of misdemeanor as may be provided by law,". (Italics supplied.)

It appears to be the view of counsel for the petitioner that the phrase "such jurisdiction" refers exclusively to jurisdiction that may be provided by law over the determination of cases of misdemeanor made triable by justices of the peace and that such a provision creates an exception to the jurisdiction vested in the district courts by Section 103 of the Constitution under the clause "except as otherwise provided in this constitution." It is therefore argued that the statutory jurisdiction of justices of the peace to try certain misde-

meanors is exclusive and not concurrent with the district court. Such an interpretation while perhaps grammatically possible is unreasonable when considered in connection with Section 111. That section provides, among other things, for county courts of increased jurisdiction and confers on such courts "concurrent jurisdiction with the district courts in all civil actions where the amount in controversy does not exceed one thousand dollars, and in all criminal actions below the grade of felony, and in case it is decided by the voters of any county to so increase the jurisdiction of said county court, the jurisdiction in cases of misdemeanors arising under state laws which may have been conferred upon police magistrates shall cease." It is further provided that the qualifications of the judges shall be the same as those of the district judge except as to residence. Justices of the peace are only required to be electors. They are not required to be learned in the law or to be twenty-five years of age, which are qualifications for judges of district and county courts of increased jurisdiction. Despite these qualifications such county courts are given only jurisdiction of misdemeanors concurrent with the district court.

 Our constitution must be construed so as to give effect to the intention of the people who adopted it. Barry v. Traux, (Truax), 13 N.D. 131, 99 N.W. 769, 65 L.R.A. 762, 112 Am.St.Rep. 662, 3 Ann. Cas. 191; Egbert v. City of Dunseith, 74 N.D. 1, 24 N.W.2d 907, 168 A.L.R. 621. That intention must be discerned primarily from the language of the constitution itself. Dawson v. Tobin, 74 N.D. 713, 24 N.W.2d 737.

"It is presumed that the people who adopted a constitutional provision intended a reasonable result and the courts will, if possible, give a constitutional provision a construction that will produce that result." State ex rel. Rausch v. Amerada Petroleum Corporation, 78 N.D. 247, 49 N.W.2d 14, 16.

The petitioner's contention is considered in the light of these rules.

The interpretation of Section 112 urged by the petitioner would vest in the legislature power to confer exclusive jurisdiction on less qualified justices of the peace despite the provisions of Section 111 that deny exclusive jurisdiction over the same offenses to county courts of increased jurisdiction. It should be further noted that Section 112 denies all criminal jurisdiction to justices of the peace in counties having county courts of increased jurisdiction.

The legislature has provided that:

"In each county where no county court with criminal jurisdiction exists, each justice court has jurisdiction and authority coextensive with the county to hear, try, and determine every criminal action in which the offense charged is punishable by a fine of not more than one hundred dollars, or by imprisonment in the county jail for a period of not more than thirty days, or by both such fine and imprisonment, and every other criminal action in which jurisdiction is conferred specially by law." Section 33–0108, NDRC 1943.

Under the interpretation urged by the petitioner the district courts would have jurisdiction to try and determine misdemeanors where the punishment did not exceed that prescribed by Section 33–0108, NDRC 1943, in counties with county courts of increased jurisdiction but the district courts would be denied such jurisdiction in all other counties of the state because of the exclusive jurisdiction of the justices of the peace of those counties, a most unreasonable result.

 We conclude that the framers of the constitution and the people when they adopted it intended the phrase "such jurisdiction" used in Section 112 to refer back to "concurrent jurisdiction with the district court" and that justices of the peace in counties not having county courts of in-

creased jurisdiction may be given concurrent but not exclusive jurisdiction "to hear and determine cases of misdemeanor as may be provided by law."

This being a proceeding in habeas corpus in which the inquiry of this court is restricted to the determination of whether or not the District Court of Burleigh County has jurisdiction to try the defendant for the commission of a crime charged in the complaint under which he is held for trial and it appearing that it has jurisdiction to try and determine the commission of offenses under both Sections 12–3807 and 6–0816, 1957 Supplement to NDRC, the court has jurisdiction to try the petitioner and he is not entitled to be discharged from custody.

GRIMSON, C. J., and SATHRE and BURKE, JJ., concur.