† STATE OF MAINE *versus* BURGESS *& al.*

By § 2, c. 162, R. S., it is provided, that any person shall be punished who shall maliciously or wantonly, break down, injure, remove or destroy any dam, reservoir, canal, trench, or any of the appurtenances thereof.

An indictment under this section, charging that the act was done maliciously *and* wantonly, is supported by proof that the act was done maliciously *or* wantonly, and describes but one offence.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

INDICTMENT against defendants, charging them that "at

Belgrade, in said county of Kennebec, on the eighth day of June, in the year of our Lord one thousand eight hundred and fifty-four, did maliciously and wantonly break down, injure, remove and destroy a certain portion of a stone dam, then and there erected on Chandler stream, so called, the property of one Marcellus Chandler and of one Samuel Goodridge, of the value of five hundred dollars," &c.

The defendants moved the Court to quash the indict-ment, because it charged two offences in one count. But the Judge ruled that the indictment was sufficient, and in-structed the jury that if satisfied the acts were done mali-ciously or wantonly, they would return a verdict of guilty; that the meaning of the word " wantonly," as used in the statute, was that the act was done recklessly, without regard to the rights of the owners of the property injured.

The defendants were found guilty, and excepted to the rulings.

*H. W. Paine*, in support of the exceptions.

1. The count is double.

*Malicious* mischief is one thing; *wanton* mischief is an-other thing. The ruling that the indictment was sufficient, therefore, was erroneous.

2. Government having alleged that the act was done maliciously, was bound to prove it so done.

Proof it was wantonly done, is not enough.

Malice in the statute is revenge against owner. 2 East's P. C., 1073; 1 Leach, 527; *Com.* v. *Walden*, 3 Cush. 558.

Malicious mischief consists in the willful destruction of personal property, from actual ill will or resentment towards its owner or possessor. *State* v. *Robinson*, 3 Dev. & Bat. 130.

Under the instruction the jury may have found defendants guilty, though the act was done without any feeling of re-venge or hostility against owner. Even if they did not know who were the owners.

The verdict establishes malice, while the jury may have found no such thing.

*Abbott, Att'y Gen.*, contra.

RICE, J. — By § 2, of c. 162, R. S., it is provided that if any person shall maliciously or wantonly, break down, injure, remove or destroy any dam, reservoir, canal, trench, or any of the appurtenances thereof, he shall be punished, &c.

The respondents were indicted under this section. The indictment charges, that the defendants did "maliciously *and* wantonly break down, injure, and destroy a certain portion of a stone dam." At the trial, the Court instructed the jury that, if they were satisfied the acts charged were done maliciously or wantonly, they would return a verdict of guilty.

It is contended that the indictment charges two distinct offences in one count, and is therefore bad for duplicity; and that the instructions were consequently erroneous.

There is no principle of criminal law better established, than that which requires that a person charged with a crime shall be entitled to have that crime distinctly set out in the indictment. This is necessary to the end that he may not be embarrassed in his defence by uncertainty, or a multiplicity of charges, commingled, and that the record may exhibit, for his subsequent protection, the specific offence for which he may have been tried. If, therefore, it be doubtful whether the facts as charged constitute an offence against law, the indictment will be bad for uncertainty. Or, if two substantive offences are charged in one count, the indictment will be bad for duplicity, because it will leave the accused in doubt as to the specific charge against which he is called to defend.

There are many substantive acts which, in and of themselves, may not be unlawful, but which are made so by statute, when done in a particular manner, or from particular motives. Thus, cruelly to beat *or* torture any horse or ox or other animal is unlawful, so too it is unlawful willfully, maliciously, *or* cruelly to kill, wound, maim, or disfigure the horses, cattle or beasts of another. It is also unlawful, willfully *or* maliciously, without the consent of the owner, to cut away, let loose, injure or destroy any boom or raft

of logs or other lumber, &c. Now, if a person was charged with the substantive offence of killing a horse, the property of another, could it be said that three crimes were charged, if the pleader should allege in his indictment, that the act was done willfully, maliciously and cruelly? Or, if a person were indicted for cutting away a raft, that two offences were charged, if it were alleged that the act was done willfully and maliciously? Or, that two offences were charged, if a person were indicted for cruelly beating and torturing a horse? Clearly not. There would be but one substantive act charged, in each case; the expletives only give criminal character to that act, and whether one, or more are used, the act remains single, and the penalty the same. If, by increasing the number of expletives, the legal character of the substantive act were changed or the penalty increased, there might be some foundation for the assertion, that more than one offence was charged.

The charge against the defendants is, that they did maliciously *and* wantonly break down, &c. If the act were done maliciously, the offence was complete; and so too if it were done wantonly. If done both maliciously *and* wantonly, the substantive act remained single, its legal character was not changed, the penalty was not enhanced. Proof of either was sufficient.

It is a general rule, that runs through the whole criminal law, that it is sufficient to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified. 2 Camp. 586, 646; 1 Burr. 399.

It was held in *Hinckle* v. *Cone*, 4 Dana, 518, that setting up a gaming table may be an entire offence. Keeping a gaming table and inducing others to bet upon it, may also constitute a different offence; for either unconnected with the other an indictment will lie. Yet when both are perpetrated by the same persons, at the same time, they constitute but an offence, for which one count is sufficient, and for which but one penalty can be inflicted.

In the case of *State* v. *Barnes*, 29 Maine, 561, a similar

principle was involved, though it does not so distinctly appear in the case, as reported.

The R. S., of Mass. c. 126, provides, that any person who shall willfully and maliciously destroy *or* injure the personal property of another person, shall be punished, &c. In *Com.* v. *Soule,* 2 Met. 21, the charge in the indictment was, that the defendant " did willfully, maliciously and secretly, in the night-time, destroy *and* injure two lobster cars," &c. The Court held, SHAW, C. J., giving the opinion, that it was sufficient to bring the case within the statute that the property was injured *or* destroyed.

In *State* v. *Kuns,* 5 Blackf. 314, it was held, that an indictment charging that the defendant unlawfully, maliciously, and mischievously destroyed *and* caused to be destroyed a certain quantity of potatoes, &c., cannot be objected to on the ground that it charges two distinct offences.

The statute of 7 & 8 Geo. 4, c. 30, § 3, provides, that if any person shall unlawfully, and maliciously, cut, break, *or* destroy, or damage with intent to destroy, or to render useless any article of silk, woolen, linen, or cotton, &c., he shall be punished.

The precedent for an indictment under this statute, given by that most accurate criminal pleader, Mr. ARCHBOLD, is as follows :— " The jurors, &c., present that A. B., &c., unlawfully, maliciously, and feloniously did cut, break *and* destroy twenty-five yards of woolen cloth," &c.

We think the indictment in the case at bar well sustained both on principle and authority.

> *Exceptions overruled and*
> *Judgment on the verdict.*