STATE OF NORTH DAKOTA, Defendant in Error, *v.* FRANK SMITH, Plaintiff in Error.

#### Indictment—Several Offenses—Burglary and Larceny.

An information charging both burglary and grand larceny at the same time, in the pursuit of a single criminal enterprise, charges two offenses, and it therefore cannot be sustained when attacked by demurrer, for the reason that § 7244, Comp. Laws, declares that only one offense must be charged in an indictment.

(Opinion filed May 19, 1892.)

*ERROR* to district court, Cass county; HON. WILLIAM B. McCONNELL, Judge.

*M. A. Hildreth* and *J. A. McEldowney,* for plaintiff in error. *L. A. Rose,* State's Atty., and *C. A. M. Spencer,* Atty. Gen., for the State.

Prosecution against James Smith for an alleged burglary and grand larceny. Defendant was convicted, and he brings error. Reversed.

The opinion of the court was delivered by

CORLISS, C. J. The plaintiff in error demurred to the information on the ground that it charged two distinct offenses. The demurrer was overruled, and the accused convicted. By this appeal the plaintiff in error challenges the legality of the information. No other point is made. That the information does charge two offenses cannot admit of doubt. It sets forth specifically and in detail all the facts necessary to establish the offense both of burglary and of grand larceny. These are two distinct offenses, although they both happen to be committed in pursuit of the same criminal enterprise. Breaking and entering with intent to steal must by some appreciable time precede the actual theft. The crime of burglary is complete the moment the breaking and entering with the criminal intent are consummated. The subsequent stealing adds nothing to the offense, nor will the failure of the accused to accomplish his ultimate purpose of theft take from the

already completed offense any of its essential elements. In the pursuit of a single criminal enterprise, two offenses have been committed, each independent of the other—one, the ulterior purpose, the theft; and the other, the means adopted from necessity to effect it, the breaking and entering the building, the criminal intent all the time accompanying the act. Authorities are cited by the learned state's attorney to sustain the form of the information he has employed, but this case stands upon a statute, and not upon adjudications. Formerly distinct offenses might be set up in the same indictment in different counts. This rule, however, would not avail the state's attorney, although there had been no statutory change in this respect, as these two offenses in this case are charged in the same count. This, as a general rule, could not be done. But there were exceptions to such a rule. Without stating other exceptions, it is sufficient, for the purposes of this case, to say that one of these exceptions would justify the course adopted by the state's attorney in this case. It was proper to charge burglary and grand larceny in the same count, when both offenses were committed in pursuit of the same criminal enterprise. It is urged that our statute merely declares the common-law rule. This is a mistake, and the fallacy of the reasoning which leads to this conclusion lies in the assumption that it was a part of the common-law doctrine against duplicity that burglary and larceny might, under such circumstances, be charged in the same indictment. It was not a part of that doctrine, but an exception to the rule. Our statute declares the rule in the most comprehensive manner, without the qualification of any exception. "The indictment must charge but one offense." § 7244, Comp. Laws. We have no right to ingraft an exception upon the statute. We must infer that it was for the purpose of abrogating the exception that the rule was declared by the legislature without such exception. That the right to charge burglary and larceny in the same count was an exception to the rule against duplicity, and not a part of it, cannot well be questioned in view of the explicit language of the authorities. In Breese v. State, 12 Ohio St. 146, the court say: " The general rule undoubtedly is that two distinct crimes or offenses

cannot properly be joined in the same count of an indictment, and that such joinder will be fatal on demurrer or on motion to quash. Whart. Crim. Law 192, and cases cited. But this rule is by no means of universal application, and one of the exceptions as well established as the rule itself is that a burglary and larceny committed at the same time may be united. Id 192, 614. In such cases the burglarious entry with intent to steal, and the consummation of that intent by actual theft, are so connected that the two crimes may be charged in the same count, in order, it is said, to convict of the one on the failure to establish the other. Whart. Crim. Law 614; 1 Hale P. C. 560; Rex. v. Withal, 1 Leach, Club Cas. 88."

From this opinion it is obvious that the court regarded that two distinct offenses were charged, and that the case would have been within the rule but for the exceptions thereto, which, as the court said, was as well established as the rule itself. In Ben v. State, 22 Ala. 9, the court say: "It is certainly true that an indictment must not be double; that is, the defendant must not be charged with having committed two or more offenses in any one count. For example, it is not permissable to charge the defendant in the same count with having committed murder and robbery. Mr. Archbold says the only exceptions to this rule are to be found in indictments for burglary, in which it is usual to charge the defendant with having broken and entered the house with intent to commit a felony, and also with having committed the felony intended," etc. Here, this practice is justified, not under the rule, but as an exception to it. Wharton mentions this practice as an exception to the doctrine against duplicity. "Prominent exceptions to the rule before us are to be found in indictments for burglary, in which it is correct to charge the defendant with having broken into the house, with intent to commit a felony and also with having committed the felony intended." Whart. Crim. Pr. & Pl., § 244. See, also, U. S. v. Byrne, 44 Fed. Rep. 188.

The failure of the legislature to perpetuate in express language this exception to the rule, when declaring the rule itself, is conclusive against the continued existence of the exception. The authorities are not in a satisfactory condition. See, as sustaining our

view, People v. Garnett, 29 Cal. 622, cited with approval in People v. De Coursey, 61 Cal. 135, and in State v. Ridley, 48 Iowa 370–378. The dissent in the case in 29 Cal. was not directed against the doctrine in the prevailing opinion, and Judge SAWYER in his dissenting opinion expressly says that two distinct offenses were charged. "The court correctly stated that the indictment covered both a burglary and a larceny." And again he says: "As to the proposition that the case was tried upon the theory that the indictment charged a burglary only, I only deem it necessary to say that the evidence as well as the indictment covers both offenses and that we do not know that the case was tried upon such theory." He in effect agreed with the *dictum* in the prevailing opinion by these statements that the indictment covered both offenses, and by his conclusion that it was proper for the jury to convict of grand larceny under the indictment because it charged that crime as well as burglary. He dissented upon a ground which in no manner touched the *dictum* in the prevailing opinion that the indictment was bad for the reason that it charged two offenses. The point was not properly raised below, and he states in his opinion that "no question is made as to the propriety of including the two offenses in the same indictment." While the case is not an authority, we regard it as indicating the views of the court on the point, and we are entirely satisfied with the reasoning and conclusion expressed in the prevailing opinion, and in no manner challenged, but, on the contrary, practically assented to in the dissenting opinion. Said the court: "The indictment would have been bad on demurrer had one been interposed, upon the ground that it contains two separate offenses, burglary and grand larceny. At common law there are two kinds of burglary: (1) Complicated and mixed with another felony; and (2) simple burglary, for which different punishments were inflicted. 1 Hale, P. C. 549. Hence at common law an indictment for the first necessarily comprised two offenses — burglary and such other felony as may have been committed in connection therewith; and the defendant could be acquitted of the burglary, if the case was so upon the evidence, and found guilty of the other felony only. Id 559. Our Criminal Code, however, describes

no such offense as burglary complicated and mixed with another felony. It describes simple burglary only. Hence, under our practice, burglary cannot, more than any other offense, be united in the same indictment with another offense. If, in addition to burglary, another offense has been committed, it must be made the foundation of a separate indictment." This reasoning is applicable to our statutes defining "burglary." Here the crime is never complicated with another offense. Another offense may and usually does accompany it; but no other offense can, under our statute, enter into its constitution as a component part thereof. The breaking and entering with the criminal intent constitutes the crime. Whatever is done subsequently adds nothing to it, but will, if criminal in its character, constitute a separate offense. Comp. Laws, §§ 6736–6742.

In Farris v. Com. (Ky.), 14 S. W. Rep. 681, the statute perpetuated this crime of burglary when complicated with another offense. It in substance declared the offense to be burglary, not only when there was a breaking and entering with felonious intent, but also when some other felony was committed in connection with such breaking and entering. Under such a statute, to charge the stealing, as well as the breaking and entering, is only to charge a constituent element of the crime, not necessarily a part of the crime, as either the intent or the consummation of the deed intended will, under such a statute, in connection with the breaking and entering, make up the crime of burglary, but still as much an element as the criminal intent itself. The actual stealing was in this case a part of the one crime of burglary, and so made a part by statute. To set it forth in the indictment was therefore proper. The language of the opinion conclusively shows that this construction, which we have given the decision in this case, that it was proper to charge the stealing as well as the breaking and entering, is correct. Said the court: "Where the breaking with intent to steal is shown, the offense is complete; but the legislature saw fit to add to the statute, ' or shall feloniously take therefrom,' not as establishing the breaking, but as showing the felonious intent. The statutory offense is the breaking with the intent to steal, or the breaking followed by a stealing, which evinces the felonious in-

tent merely, and which may therefore be charged in the indictment." It is obvious that the decision turned on the peculiar language of the statute, and that the court considered that the indictment which followed the statute in charging the offense did not charge larceny as a distinct crime, for the court in this case held it error for the trial court to submit the case to the jury on the theory that they might convict of either burglary or larceny. The authorities in Iowa are in an unsatisfactory state. The rule there is to regard the charge of larceny as surplusage. The court treats it as the mere pleading of evidential facts to establish the intent to steal. We cannot agree to this doctrine. It is not customary to set forth evidence in any pleading, civil or criminal, and we do not understand on what principle a separate, specific charge of larceny, embodying all the facts essential to the establishment of such an offense, stated by themselves, independent of the facts constituting the crime of burglary, and set forth with all the particularity requisite to a good information or indictment charging larceny, should be regarded as mere surplusage. The prosecution is under no obligation to plead evidence of the criminal intent with which the breaking and entering were committed. It is always proper, under an information charging burglary, to prove larceny as evidence of the intent with which the accused broke and entered the building, without averring that larceny was in fact committed. If so specific a charge of larceny may be regarded as surplusage, we see no reason why an information charging a breaking and entering for the purpose of committing murder, and in addition the actual commission of murder, with all the particularity essential to a good indictment for murder, should not be regarded as charging only the crime of burglary, and as setting forth the actual murder merely as an evidence of the intent which prompted and accompanied the breaking and entering. We think the point well taken, and the judgment of the district court is therefore reversed.

All concur.