STATE OF NORTH DAKOTA v. MARTIN MATTISON, ERIC MATTISON
AND LYE STORBY.

Opinion filed October 19, 1904.

**Shooting With Intent to Kill.**

1. Where the defendant in a criminal case is accused of shooting
or attempting to shoot with intent to kill, or of shooting or attempt-
ing to shoot with intent to do bodily harm (Rev. Codes 1899, sections
7115, 7145), a verdict for assault with a deadly weapon with intent
to do bodily harm will not warrant sentence for more than simple
assault.

**Information — Duplicity.**

2. An information which purports to charge a single offense, but
in stating the facts and circumstances alleged to constitute such crime
unnecessarily alleges matters of aggravation, which sufficiently de-
scribe one or more other crimes not necessarily included in the one
offense intended to be charged, is bad for duplicity.

**Maiming.**

3. Maiming is not an offense included in the crime of shooting
with intent to kill.

**Duplicity — Higher Offense Including Lower.**

4. Where an information definitely purports to charge a given of-
fense, but is duplicitous, and it clearly appears from the record that
the defendants, notwithstanding their objection, were compelled to
submit to a trial for the offense which the information purported to
charge, on the erroneous theory that the other offense was one
included in the crime which the information purported to allege, the
objection for duplicity cannot be avoided, even though the information
discloses a sufficient charge of a third offense, which might be con-
strued to include the two former.

Appeal from District Court, Ward county; *Palda, Jr.,* J.

Martin Mattison and others were convicted of shooting with
intent to kill, and appeal.

Reversed.

*Le Sueur & Bradford,* for appellants.
*James Johnson,* State's Attorney.

ENGERUD, J. The three defendants were arraigned on an infor-
mation which was apparently designed to charge them jointly with
the crime of shooting another with intent to kill, as defined in section
7115, Rev. Codes 1899. They demurred to the information, and

thereby challenged its sufficiency because it did not substantially conform to the requirements of the Code of Criminal Procedure, and charged more than one offense. The demurrer was overruled, and the defendants entered pleas of not guilty. The jury returned a verdict finding the three defendants "guilty of an assault with a dangerous weapon with intent to do bodily harm, without justifiable or excusable cause." A motion in arrest of judgment having been denied, the defendants were sentenced to imprisonment in the penitentiary for one year, eighteen months and three years respectively. The defendants have appealed from the judgment.

It is apparent from the foregoing that the sentences imposed are not warranted by the verdict for the reasons stated in the recent case of State v. Cruikshank, 13 N. D. 337, 100 N. W. 697. The verdict does not in terms find the act of shooting or attempting to shoot; neither does it set forth facts sufficient from which shooting or attempting to shoot must necessarily be inferred. If no other errors affecting the verdict appeared in the record, we would be constrained to allow the verdict to stand as one for simple assault, and remand the case for sentence in accordance with the verdict. The record, however, discloses error fatal to the validity of the verdict. We are of the opinion that the information is vulnerable to the objections made thereto by defendants, and that their demurrer thereto should have been sustained, or the motion in arrest of judgment granted. The information is too long for repetition in full. It is extremely prolix, and is replete with redundant and unnecessary averments. In our opinion, the information charges at least three offenses. The first part of the body of the information, after stating time and place, sets forth the complete offense of shooting under section 7115, Rev. Codes 1899, as follows: "That at the said time and place * * * the said Martin Mattison, Erik Mattison, and Lye Storby, having and holding in their hands a certain firearm, commonly called a shotgun, which shotgun was then and there loaded and charged with gunpowder and leaden shots, did then and there wilfully, unlawfully, feloniously, of their malice aforethought, without authority of law, and with a premeditated design to kill him, the said George Olson, discharge and shoot off said shotgun towards, against and upon the said George Olson." Then follows an averment to the effect that the shot so fired from said gun by the defendants struck, penetrated and dangerously wounded said George Olson, and caused the loss of one of his legs.

We have up to this point of the information facts which may be sufficient to charge an attempt to commit murder in the first degree. The allegations show that the defendants feloniously, with malice aforethought, and with a premeditated design to effect death, inflicted a dangerous wound upon their victim with a deadly weapon, but failed to consummate the intended murder because the wound was not mortal. Such attempt is punishable as a felony under sections 7693, 7694, Rev. Codes 1899. Further continuing the accusation, the information describes still another offense, which, after omitting many superfluous adjectives and redundant phrases, is set forth in the following language: "And at the time and place aforesaid, and by the means aforesaid, the said Martin Mattison, Erik Mattison and Lye Storby, wilfully, * * * and with a premeditated design to kill him, the said George Olson, * * * did wound and destroy the leg of the said George Olson." In plain English this part of the accusation alleges that the defendants unlawfully and wilfully destroyed George Olson's leg, with a premeditated design to kill him. This is a sufficient charge of maiming under section 7101, Rev. Codes 1899, which defines that crime as follows: "Every person who, with premeditated design to injure another, inflicts upon his person any injury which disfigures his personal appearance or disables any member or organ of his body or seriously diminishes his physical vigor, is guilty of maiming." It is true that the information alleges that the injury was inflicted with a premeditated design to kill while the statutory definition requires a premeditated design to injure only. But it is obvious that a design to kill includes a design to injure, and hence that, although the statute requires merely an intent to injure as an essential to guilt, it is no objection to the accusation that it alleges an intent of a more atrocious degree in the commission of the offense which is otherwise sufficiently charged. Barbour, Magistrates Criminal Law, 290, 291; State v. Robbins, 66 Me. 324; Com. v. Carson, 166 Pa. 179, 30 Atl. 985. While under the common law, an indictment for a felony might, under certain circumstances, allege in separate counts any number of distinct felonies, provided they were of the same general nature, or were connected with the same transaction, yet even under that system of criminal procedure no rule was better settled than that which prohibited the joinder of two or more substantive offenses in the same count. The rule was necessary in order that the accused might not be in doubt

as to the specific charge against which he was called to defend himself; that the court might know what sentence to pronounce; and that the accused might be fully protected against any other prosecution for the same offense. State v. Burgess, 40 Me. 592. This common-law rule has been perpetuated by the provisions of our statute, and has been further narrowed and restricted so as to exclude all those exceptions to the rule which were recognized by the common law in certain classes of crimes, such as burglary, etc. State v Smith, 2 N. D. 515, 52 N. W. 320. The practice of combining in one indictment under separate counts several distinct crimes has been abolished, so that separate counts can be used only to set forth the commission of the same crime in different forms and degrees. Under the provisions of our Code of Criminal Procedure the same offense may be set forth under different counts, but only one offense can be charged. Rev. Codes 1899, section 8042. The indictment or information must state the acts constituting the offense "in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Rev. Codes 1899, section 8039. It must be direct and certain as to "the offense charged." Rev. Codes 1899, section 8040.

The information in the case at bar was framed in flagrant disregard of the requirements above stated. It is not couched in ordinary and concise language. It might be difficult for a person of ordinary understanding to definitely determine what offense is charged; and it alleges facts constituting three distinct crimes. If this information directly and with certainty disclosed that it was intended to charge the crime of attempted murder, we are not prepared to say that it would be objectionable for duplicity. In that case it might be urged with much force that malice, premeditated design to kill, shooting and maiming, were all necessary facts to allege in order to show an attempt to murder, and hence that the information is not duplicitous. Encyclopedia of Pleading and Practice, vol. 10, p. 535. This information, however, does not present such a case. The information expressly purports to charge the crime denounced by section 7115, Rev. Codes 1899—shooting with intent to kill; but was evidently framed so as to include the crime of maiming, on the theory, apparently, that, inasmuch as the crime of maiming resulted from the commission of the shooting, therefore the former could be included in the charge of the latter

as an included constituent offense. There is no warrant for such a theory. Only one offense can be charged in the information. It is true that when the offense charged includes another or smaller offense the charge of such other offense will not render the information double. But the rule last mentioned applies only in a case where, in charging the major offense, the other offenses are necessarily stated. The state cannot, by alleging matters wholly immaterial to the description of the crime charged, compel the defendant to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged. State v. Smith, 2 N. D. 515, 52 N. W. 320; State v. Marcks, 3 N. D. 532, 58 N. W. 25; State v. Hooks, 69 Wis. 182, 33 N. W. 57, 2 Am. St. Rep. 728. Maiming is not a necessary element of the crime of shooting with intent to kill. In stating the facts constituting the last-mentioned crime it is in no case necessary to show maiming. Maiming may, and often does, result from shooting, but it is a distinct offense, under no circumstances forming part of the consummated crime of shooting with intent to kill. In this case the maiming and shooting bear precisely the same relation to each other as the larceny and burglary involved in State v. Smith, supra, and, for the reasons stated in that case, cannot be joined in the same indictment or information.

Returning, then, to the question as to whether we may avoid the fault of duplicity by construing this information as one for attempted murder, and, by holding that it was necessary to allege the shooting and maiming in order to show the attempted murder, we are confronted by the fact that the information was not framed on that theory. As already stated, the information purports to charge the crime of shooting with intent to kill, and was obviously framed on the theory that maiming was an included offense. The record before us discloses that it was so construed by the prosecuting officer and by the court, and that the defendants were compelled to take issue and submit to a trial on that theory, notwithstanding their objection seasonably made. The information does not directly accuse the defendants of attempt to murder, and that charge is not disclosed with certainty by the language used. Under such circumstances we ought not to place a construction upon the information utterly at variance with the meaning manifestly intended to be conveyed in order to uphold an information so faulty as the one at bar. The defendants were entitled to a trial for one

offense only, and to be definitely and with certainty informed of the nature of the accusation. If we construe this information as an accusation of attempted murder, it would be lacking in the requisites of definiteness and certainty. By taking such a course we would place ourselves in the situation of the sailor who, in trying to avoid Scylla, wrecked his ship on Charybdis. The information should therefore be construed as the prosecuting officer and the trial court construed it. So construed, it is clearly duplicitous, and the demurrer thereto should have been sustained.

The judgment is reversed, and the trial court is directed to set aside the judgment and verdict, and quash the information, and to make such further order permitting another information to be filed, or such further proceedings to be had, as may be consistent with the demands of justice and the provisions of the law. All concur.