# STATE v. HERMANSON.

## (132 N. W. 415.)

**Prosecution for keeping liquor nuisance — evidence of former convictions — admissions.**

1. Defendant entered pleas of guilty to the maintaining of nuisances under the city ordinances of Minot, which ordinances provided that the seller of intoxicating liquor as a beverage, or the keeper of a resort wherein people were allowed to drink intoxicating liquors, was maintaining a nuisance and prescribing a penalty therefor. *Held,* on proper foundation laid, such convictions could be shown and were admissible as admissions of guilt in this action prosecuted for maintaining a common nuisance under the statute, and covering the entire time in which the transactions under the ordinances were charged to have occurred.

**Evidence of pleas in former prosecutions — oral testimony as to — docket entries.**

2. Such admissions by pleas of guilty may be shown by oral testimony of the magistrates or other persons present, and also, on proper foundation laid therefor, by the docket entries made in the course of official duty by the magistrates.

Opinion filed June 1, 1911. Rehearing denied September 13, 1911.

Appeal from the County Court of increased jurisdiction for Ward County; *N. Davis,* J.

Amos Hermanson convicted of maintaining a common nuisance, and appeals.

Affirmed.

*Palda, Aaker, & Greene,* for appellant.

*D. L. Nash,* State's Attorney, and *Andrew Miller,* Attorney General, for the State.

Goss, J. The defendant, Amos Hermanson, appeals to this court from a judgment entered in the county court of increased jurisdiction for Ward county on November 22, 1909, imposing six months' imprisonment with a fine of $800 and costs, and further imprisonment in default of payment of fine. The information charged the defendant with keeping and maintaining a common nuisance, a saloon, at a place particularly described.

Many errors are assigned, but the ones chiefly relied upon are those relating to the admission of evidence of judgments of conviction entered in the magistrate courts in the city of Minot, which magistrate proceedings were had under ordinances of said city, identical in provisions and language with the statutes of this state under which this prosecution is had. The ordinances provided, following approximately the language of the statutes, that premises within said city wherein intoxicating liquors were kept for sale, sold, or given away as a beverage, or wherein persons were permitted to resort for the purpose of drinking any intoxicating liquors as a beverage, were declared nuisances, and provided a penalty for the keeping and maintaining of the same. Such ordinances were received in evidence. During the period of time described in the information, two complaints were laid against the defendant in the magistrate courts and warrants of arrest issued; the defendant being twice arrested thereon. He, acting in person, pleaded guilty under the city ordinance charges, on which judgments were entered adjudging him guilty and fining him; he promptly paying both fines. The record of said proceedings, consisting of complaints, warrants, pleas, and sentences under said ordinances, was received in evidence over the objection that no foundation was laid therefor, and that the same was incompetent, irrelevant, and immaterial. The foundation for the admission of such documentary evidence consisted of testimony identifying defendant with the place alleged to be the nuisance, his sales of beer therein, a description of the premises corroborative of the nature of said illegal business there maintained, the congregation at that place of persons to buy beer and their purchase of it, their intoxication and the presence of intoxicated persons in numbers congregating there, the arrest of the defendant at such place by the chief of police on the warrants on two different occasions under such prosecutions based on violations of said city ordinances, and defendant's statements at the times of his arrest to the chief of police, that he was the person running the place, and the statements in the magistrate courts to the same effect, and that he handled beer there, and that he pleaded guilty to the charges laid against him. All these proceedings were had during the month of August, 1909, for offenses under the ordinances alleged as occurring in said month, all being within the period of time charged

in the information as the time during which the defendant is alleged
to have maintained said nuisance.

The defendant is identified with the entire transaction in all details,
and the foundation as to proof of facts is sufficient to entitle the
magistrate's judgment to be admitted as evidence in the nature of admissions
of guilt, made by the defendant, of acts necessarily admitted
in his pleas of guilty, tending to prove him guilty of the crime charged
under the statutes. Both magistrates testified to his statements made in
connection with his pleas of guilty in their courts, and their docket
entries made in due course of their official duties were also admissible
as evidence thereof. The crime charged under the city ordinances was
identical in nature, time, and place with that laid in the information.
That the docket entries of the justices of the peace in the prosecutions
under the ordinances were admissible under the foundation laid in the
trial of this action, see 5 Ann. Cas. 716, collected under State v. Bring-
gold, 40 Wash. 12, 82 Pac. 132, and note immediately following; 12
Cyc. 418, 460, 474, and cases cited. See also 14 Am. Dig. cols. 1906
et seq., and 6 Decen. Dig. §§ 406–517 et seq. A plea of guilty, to
be admissible in evidence, need not have been made in the prosecution
in which it is offered. In addition to above authorities, see Beason v.
State, 43 Tex. Crim. Rep. 442, 69 L.R.A. 193, 67 S. W. 96. Where
a defendant's plea of guilty of the theft of the articles taken in the com-
mission of a burglary was admitted against him in a prosecution there-
after on the same facts for the burglary, defendant was convicted of
the offense of theft, petit larceny, by his plea of guilty, and thereafter
indicted and convicted for burglary in the taking burglariously of the
same goods the subject of the petit larceny. Murmutt v. State, — Tex.
Crim. Rep. —, 67 S. W. 508, also s. c. on former appeal in 63 S. W.
634; Beason v. State, 43 Tex. Crim. Rep. 442, 69 L.R.A. 193, 67 S.
W. 96, s. c. on former appeal in 63 S. W. 633.

Such testimony being admissible as evidence in the nature of ad-
missions of defendant, the charge of the court to that effect was proper.
The charge excepted to and assigned as error is the following: "The
testimony introduced in this case, showing that defendant has entered
two pleas of guilty under the city ordinances of the city of Minot, may
be used and considered by you as admissions of the defendant, and you

may give to such admissions such credit or weight as you may find it is entitled to in connection with all the other evidence in the case."

The instructions are challenged on the ground of being erroneous because said pleas of guilty are not to be considered as admissions of guilt in the case on trial. The foregoing authorities are conclusive against defendant's position, and dispose of the error assigned to instructions, as well as to the question of admissibility of the pleas of guilty. Had the defendant, in some place other than a court, made the same statements as he did by his plea of guilty, declaring his guilt of selling intoxicating liquor within the city of Minot on August 24, 1909, and August 28, 1909, no one would seriously question its admissibility on this trial, on the information charging him with there maintaining this common nuisance during the month of August, 1909.

The judgment appealed from should be affirmed, and it is so ordered.

Morgan, Ch. J., not participating. W. J. Kneeshaw, District Judge of the Seventh Judicial District, sat by request.