## STATE OF NORTH DAKOTA v. C. E. BARNES.

(150 N. W. 557.)

A criminal complaint was laid in justice court against defendant Barnes, charging him with assault and battery, a misdemeanor. He pleaded guilty, and paid a fine and costs imposed on judgment. Subsequently he was prosecuted for felony,—assault and battery with intent to kill. On trial thereon the jury found him guilty of the included offense charged, of assault and battery, a misdemeanor. The prosecution for felony was based upon the same acts committed upon the same person as was the first prosecution for misdemeanor in justice court, to which the plea of guilty was entered. When defendant was called for judgment on the verdict of guilty of assault and battery, he moved an arrest of judgment, asserting for the first time that he had been once before convicted and punished for that same offense, and that under the statutes and the state and Federal Constitution the court was without jurisdiction to render a judgment of conviction. The motion was denied, and a sentence of fine and imprisonment was imposed. He applies to the supreme court, asking for a writ of habeas corpus directing his discharge from custody, claiming he is being illegally restrained of his liberty under a void sentence. It is held:

**Information — felony — plea — former jeopardy — prior conviction — same offense — determination of — question for jury — verdict.**

1. That under the statutes, defendant in pleading to the information for felony should also have interposed a plea of former jeopardy arising from prior conviction for the same offense, to the included misdemeanor charged in the information. The statutes contemplate that the jury shall determine as a fact whether prior conviction has been had, and find either for the defendant or for the state on that question, in addition to their general verdict of guilty or not guilty.

**Failure to interpose such plea — waiver of defense of former conviction.**

2. That the failure to interpose the plea of prior jeopardy prior to verdict was a waiver of the defense of former jeopardy arising from such former conviction.

**Arrest of judgment — motion in — former jeopardy not included.**

3. That the statutes defining and providing for motion in arrest of judgment prevent former jeopardy being interposed in arrest of judgment.

**Constitution — former jeopardy — immunity — must be claimed by plea.**

4. That § 13 of the state Constitution, that "no person shall be twice put in jeopardy for the same offense," merely prescribes immunity from a second prosecution, and is not a bar thereto unless the immunity given is claimed by a plea of former jeopardy and prior to verdict.

**Federal Constitution — applies only in Federal proceedings — state Constitutions — state statutes — not restricted.**

5. That the 5th Amendment to the Federal Constitution, that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," applies only to proceedings in Federal tribunals, and in no way restricts or prescribes the limits of the constitutional provisions and statutory enactments of the several states.

**Habeas corpus — remedy of — merits.**

6. Habeas corpus is assumed to be the proper remedy, without that question being decided, the court preferring to place its decision upon the merits.

Opinion filed January 2, 1915.

Original application for habeas corpus denied.

*F. H. Register* and *J. M. Hanley,* for petitioner.

*H. R. Berndt,* State's Attorney, and *Theodore Koffel,* Assistant State's Attorney, opposed granting of writ.

Goss, J. Defendant was informed against for assault with intent

to kill. By verdict he was found guilty of the included offense of assault and battery. His plea was not guilty. When called for judgment upon the verdict, he interposed a motion in arrest of judgment. It was based upon the alleged ground that he had been once before in jeopardy for the same criminal offense because of a judgment of conviction and sentence thereunder rendered in a magistrate's court, finding him guilty of assault and battery upon the same person and because of the same acts as charged in said information. Certified copies of the record and judgment of the magistrate's court were filed in support of this motion to arrest judgment. It is thus disclosed that a written criminal complaint charging defendant with assault and battery was taken and filed by said magistrate, who thereon issued a warrant of arrest; that defendant was brought or appeared before the court, entered his plea of guilty of assault and battery, and upon said plea was sentenced to pay a fine of $5 and costs as the judgment of said court, and which defendant paid. Subsequently defendant was complained against for felonious assault, held for trial, and tried thereon, as heretofore stated, upon his plea of not guilty. In opposition to the motion in arrest of judgment, the state filed affidavits charging that the purported judgment rendered in the magistrate's court was collusive and void as procured by arrangement of the defendant and the prosecuting witness, with plea taken and entered, and sentence imposed without any examination into the facts by the magistrate, as alleged to be required by law. The state also contends here, as it did before the district court on argument of the motion in arrest of judgment, (1) that habeas corpus is the wrong remedy, being used as a substitute for appeal; and (2) regardless of the propriety of the writ as a remedy when so invoked, the writ should not issue to discharge defendant, because there is no record of which the court can take notice, there being no valid grounds shown upon which to base the motion made in arrest of judgment, for the reason that the defense of former jeopardy, to be such and available at all, must be raised on the record prior to verdict, and be presented by plea, putting in issue the question of former jeopardy, upon which the jury must find as a fact by their verdict; and that unless so interposed by plea it is waived for all purposes. The questions raised are important, and should be determined, and the propriety of the remedy will therefore be at first assumed,

and former jeopardy attempted to be raised on arrest of judgment, passed upon.

The statutes involved, directly or incidentally, are § 10934 and kindred sections, concerning what a defendant may show against judgment, upon being called for sentence; § 10921, defining and declaring when, and the grounds upon which, a motion in arrest of criminal judgment may be made; §§ 10881–9–90 as to verdicts; §§ 10746 & 7–69 as to pleas and joinder of issues of fact by plea for presentation to the jury; with §§ 10754 and 10865, declaring the effect of former jeopardy resulting from conviction or acquittal; with § 10881, prescribing the form of verdict to be returned where a plea of former jeopardy arising from former conviction or acquittal has been entered. Section 10889, prescribing the form of verdict on the similar question of trial on a second offense charged, might also be mentioned. Many other sections of the Code of Criminal Procedure are more or less related, but these are sufficient, from which to determine this case, taken in connection with common-law rules, of which the statutes are, in the main, if not entirely, but declaratory. The defendant invokes § 13 of our state Constitution, providing that "no person shall be twice put in jeopardy for the same offense," and the similar provision of the 5th Amendment to the Federal Constitution, that, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," and asserts that these constitutional guaranties secure to defendant the right to invoke the benefit of former jeopardy after plea and at the time urged herein, that is, in arrest of judgment; and that a suggestion of former jeopardy may be made after verdict, and when supported, as here, by record proof of former jeopardy because of former conviction for the same offense, the court is thereby devested of jurisdiction and power to pronounce any judgment whatsoever except that of acquittal because of former jeopardy.

Under § 10746 there are but four possible pleas to be entered to an information or indictment, the third and fourth of which have relation to prior conviction or former jeopardy thereby. No reference is made to pleas required under § 9480 to the specific degree of crime where homicide is charged. The statute, § 10747, prescribes even the form of entry of the plea of former jeopardy upon the minutes of the court; § 10881 also requires an additional or different form of verdict or

finding, where the plea of former jeopardy is interposed, as it does likewise under a plea of insanity. The statutes contemplate the presentation of the issue to the jury as one of fact under the section cited, and also § 10769, declaring that "an issue of fact arises (1) upon a plea of not guilty; (2) upon a plea of former conviction or acquittal of the same offense; or (3) upon a plea of once in jeopardy;" and § 10770 inhibits waiver of a jury as to issues of fact in all felony cases. Under these statutes and § 10822, as construed in State v. Barry, 11 N. D. 428–447, 92 N. W. 809, defendant could require the submission of such issue of fact to the jury, the sole arbiter of fact whenever a plea of not guilty is entered.

The general scheme shown by the statutory requirements cited is that the question of fact of former jeopardy shall be presented to the jury upon a separate plea of not guilty because of former jeopardy arising from former acquittal or conviction. On such plea the jury determines guilt by its general verdict, which is accompanied by an additional verdict finding either "for the state" or "for the defendant" upon the specific plea of former jeopardy. Section 10881. The issues of fact usually presented under such a plea are identity of person and offense,—or, as stated in Re Neilsen, 131 U. S. 176, page 190, 33 L. ed. 118, page 122, 9 Sup. Ct. Rep. 672, "that the test is not whether the defendant has been tried for the same act, but whether he has been put in jeopardy for the same offense." Upon identity of offense see State v. Virgo, 14 N. D. 293, 103 N. W. 610, decided on a plea of former acquittal. In logical sequence now follows the question, whether the information for assault with intent to kill includes that of assault and battery as an offense charged in said information. Defendant does not question the validity of the verdict, but contends that it is not charged in the sense that it can be pleaded to as a specific offense, and contends that defendant could not, on the information charging the graver offense, a felony, interpose a plea of former jeopardy to the included offense. Section 10890 provides that "the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the information or indictment, or of an attempt to commit the offense." Petitioner is in error. These statutes are but declaratory of the common law as to included offenses. Thereunder it was the theory that the

included offenses at common law, each and all, were charged as necessary constituent ingredient offenses included in the allegations necessary to charge the gravest,—the felony specifically charged. Thus the information for assault and battery charges assault, a separate crime, the accomplishment of the assault consummating the crime of assault and battery, and merging the assault into the battery. Assault and battery with intent to do great bodily harm, though not a common-law crime, if consummated, carries with it the ingredient offenses of assault, and assault and battery, both of which are merged in the felony and found as ingredient facts, together with the felonious and specific intent constituting the felony. Carrying it one step farther, to assault and battery with intent to kill, the graver crime charged, there is found merged in said charge as necessary ingredient offenses the lesser grade of felony and the two misdemeanors upon each of which verdicts are possible according to the state of the proof made. For authority it is not necessary to go beyond our own reports. See State v. Johnson, 3 N. D. 150, 54 N. W. 547; State v. Marcks, 3 N. D. 532, 58 N. W. 25; State v. Climie, opinion by Justice Cochrane, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211; State v. Tough, 12 N. D. 425, 96 N. W. 1025; State v. Cruikshank, 13 N. D. 337, 100 N. W. 697; State v. Mattison, 13 N. D. 391, 100 N. W. 1091; and State v. Bednar, 18 N. D. 484, 121 N. W. 614, 20 Ann. Cas. 458. Quoting from State v. Climie: "The rule is that when the offense charged includes another or smaller constituent offense, the charge of such other offense will not render the information double. . . . The statute authorizing the conviction of one accused of any offense necessarily included in that with which he is charged in the information is a legislative recognition of this rule." It is true that the state would not be obliged to accept a plea of guilty to any of the lesser and included offenses charged, as defendant was called upon to plead to the specific felony charged in the information, but that did not prevent defendant from coupling with his plea of not guilty as to said felony charged his additional plea of not guilty of assault and battery because of former jeopardy for that offense, arising from his former conviction; and upon which plea, if the jury found "for the defendant," together with its general verdict of guilty of assault and battery, an acquittal of all crime would result, as the finding of former jeopardy would bar a

judgment of guilty or punishment for such assault and battery. There would be nothing inconsistent in such pleas. Nor would the facts admitted by such plea of former jeopardy· as to the included offense admit more than the state would, if the plea be the fact, be entitled to prove against the defendant on the trial for felony as his judicial admission. State v. Hermanson, 22 N. D. 125, 132 N. W. 415, Ann. Cas. 1914A, 1052. Thus the offense of assault and battery was charged in this information, and was one to which the plea of former jeopardy could be made, and, if established and found by the jury, would render the court powerless to do aught but render judgment of acquittal, as the case would be in all such respects analogous in law to that of Re Neilsen, 131 U. S. 176, 33 L. ed. 118, 9 Sup. Ct. Rep. 672, where such a plea was entered, but held on demurrer thereto to be no bar, and was refused, resulting in reversal on appeal.

Having found, therefore, that the statutes contemplate the presentation of former jeopardy arising from former conviction to the jury by plea, upon which the jury finds the fact as to the same, and renders its finding of fact along with its general verdict; and having determined that, though the plea to the included offense is one which the state was not obliged to accept as a plea on the merits, yet was a plea the state was powerless to reject when made specifically to such included offense,—the question next arises as to whether failure to enter such plea is a waiver of all benefits which might have been thus gained thereunder. The decision as to this must be against defendant under all authorities. "Jeopardy, to be available, must be specifically pleaded, or otherwise it is deemed to have been waived," Wharton's Criminal Law, 11th ed. 526, citing Gue v. Eugene, 53 Or. 282, 100 Pac. 254. To the same effect, see State v. White, 71 Kan. 356, 80 Pac. 589, 6 Ann. Cas. 132, and note, from the latter of which we quote: "It has been held in a number of cases that a person accused of crime waives his privilege of immunity from second jeopardy by failing to plead or otherwise set up the former jeopardy when he is arraigned in the second prosecution,"—citing Jordan v. State, 81 Ala. 30, 1 So. 577; Re Allison, 13 Colo. 525, 10 L.R.A. 790, 16 Am. St. Rep. 224, 22 Pac. 820; Hill v. State, 41 Ga. 484; Hall v. State, 103 Ga. 403, 29 S. E. 915; Powers v. State, 83 Miss. 691, 36 So. 6; State v. Webb, 74 Mo. 333; Davis v. State, 51 Neb. 301, 70 N. W. 984; McBean v.

State, 3 Heisk. 20; Johnson v. State, 26 Tex. App. 631, 10 S. W. 235; Barton v. State, — Tex. Crim. Rep. —, 1898, 43 S. W. 987; Re Barton, 6 Utah, 264, 21 Pac. 998; People v. Stewart, 64 Cal. 60, 28 Pac. 112. And that such plea cannot be considered or raised after verdict, see People v. Bennett, 114 Cal. 58, 45 Pac. 1013; State v. Durein, 70 Kan. 1–13, 15 L.R.A.(N.S.) 908, 78 Pac. 152, and 80 Pac. 987; State v. Washington, 28 La. Ann. 129; Com. v. Maher, 16 Phila. 452. See also note to Stone v. State, 135 Am. St. Rep. 69 at page 74, on former jeopardy first raised by motion in arrest of judgment, citing State v. McFarland, 121 Ala. 45, 25 So. 625; Bedee v. People, 73 Ill. 320; People v. M'Kay, 18 Johns. 212; State v. Stephens, 13 S. C. 285; Brown v. State, 43 Tex. Crim. Rep. 272, 64 S. W. 1056; Hill v. Nelms, 122 Ga. 572, 50 S. E. 344; and see same note in 135 Am. St. Rep. at page 79, on waiver and abandonment of benefit of former jeopardy by failure to interpose it by plea,—citing Dalton v. People, 224 Ill. 333, 79 N. E. 669; People v. McGinnis, 234 Ill. 68, 123 Am. St. Rep. 73, 84 N. E. 687. In many, if not all, of these cases, the same question of immunity from second jeopardy under state constitutional provisions has been urged as here, and the claim made that such immunity is a constitutional right incapable of being waived. This argument overlooks the fact that the Constitution merely offers an immunity which must be claimed, to be available; and concerning the procedure and time of asserting of such claim the state alone has the say in state prosecutions, and also that the rights guaranteed amount to immunity only, and do not constitute alone a constitutional bar to a second prosecution unless claimed as provided ·by statute. Under both our state Constitution and statutes, former jeopardy must be raised by plea, and cannot be raised by motion in arrest of judgment.

But counsel has urged that the 5th Amendment to the Federal Constitution, earlier quoted, operated to devest the trial court of jurisdiction whenever, before sentence, former jeopardy is established. Sufficient is the answer that former jeopardy is not established by the record, and cannot be established by or upon a motion in arrest of judgment, where the first conviction was in a different court from that in which former jeopardy is urged as a bar to second judgment, as the court cannot, on the motion made, know the fact by means of judicial notice taken of its own record. See note in 6 Ann. Cas. 134. But a

further all sufficient answer exists to petitioner's contention, and that is that the 5th Amendment to the Federal Constitution "applies only to proceedings in Federal tribunals, and does in no way restrict or prescribe the limits of the constitutional provisions and statutory enactments of the several states,"—quoting from note in 135 Am. St. Rep. 70, citing Brantley v. State, 132 Ga. 573, 22 L.R.A.(N.S.) 959, 131 Am. St. Rep. 218, 64 S. E. 676, 16 Ann. Cas. 1203, 217 U. S. 284, 54 L. ed. 768, 30 Sup. Ct. Rep. 514; Livingston v. New York, 8 Wend. 85, 22 Am. Dec. 622; Barker v. People, 3 Cow. 686, 15 Am. Dec. 322; United States v. Keen, 1 McLean, 429, Fed. Cas. No. 15,510. From the last citation the following is taken: "The provision in the Constitution that 'no person shall be subject for the same offense to be twice put in jeopardy of life or limb' was designed, as the language clearly imports, for the security of the citizen. It was intended to shield him against oppression and injustice. In the case of People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203, the court inclined to think that this provision was obligatory on the state courts. We think otherwise. It applies to the Federal courts, and to the Federal courts only." And in Brantley v. Georgia, on appeal from the supreme court of that state, in 217 U. S. 284, where the identical contentions here made were advanced, that both the state and the Federal Constitutions were violated where a plea of second jeopardy was overruled, the Federal Supreme Court says: "The contention is absolutely without merit. It was not a case of twice in jeopardy under any view of the Constitution of the United States." With this in mind, Re Nielsen, 131 U. S. 176, 33 L. ed. 118, 9 Sup. Ct. Rep. 672, heretofore discussed, is in no wise applicable to prosecutions in state courts, as the principles there enunciated in a prosecution in the Federal court were based on the 5th Amendment to the Federal Constitution. On the merits, petitioner's contentions must be held unsound.

What is said in deciding this case does not pass on whether habeas corpus is the proper remedy. It is unnecessary to pass on that question. The writ is denied.