## A. G. PARKS v. STATE.

No. A-2840.    Opinion Filed April 20, 1918.

(171 Pac. 1129.)

1. **ASSAULT AND BATTERY—Information—Variance—Acquittal.** Where the information attempts to charge an assault with a dangerous weapon as provided in section 2344, Rev. Laws 1910, and the proof both on the part of the state and the defendant shows the commission of the felonious degree of assault and battery as defined by section 2336, or some lesser grade of assault and battery, there is a fatal variance between the allegations and the proof, and upon proper motion the court should advise the jury to acquit upon the ground of variance, and direct a prosecution to be commenced for the higher grade of offense.

2. **INDICTMENT AND INFORMATION—Included Offenses.** Where the information charges any grade of assault and battery, there may be a conviction of the same or any lesser grade of assault which is necessarily included in such a charge. But where the information merely charges a certain grade of assault, there may not be a conviction of that grade of assault and battery or of any lesser grade of assault and battery, because a charge of assault does not necessarily include a battery also.

*Appeal from District Court, Lincoln County;*
*Tom D. McKeown, Assigned Judge.*

A. G. Parks was convicted of the crime of assault with a dangerous weapon and his punishment fixed at imprisonment in the penitentiary for a term of one year and one day, and he appeals. Reversed and remanded.

*Erwin & Erwin,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.  The defendant, Parks, was prosecuted in the district court of Lincoln county under an information charging (omitting the formal parts) as follows:

"That A. G. Parks  *  *  *  did then and there willfully, unlawfully, and feloniously and with force and violence and without justifiable or excusable cause make an assault in and upon the person of one Wm. Gearhart with a dangerous weapon, to wit, a revolving pistol, with the intent then and there of him, the said A. G. Parks, to do him, the said Wm. Gearhart, bodily harm."

This information evidently attempted to charge the crime of assault with intent to do bodily harm with a dangerous weapon, as defined by the first part of section 2344, Rev. Laws 1910, which provides as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person, or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

But as a charge under said section, we believe said information to have been defective, in that it failed to allege the manner in which the said "revolving pistol" was used upon prosecuting witness. *Clark v. State,* 6 Okla. Cr. 100, 116 Pac. 200.

But in view of the disposition herein made of this case, it is not necessary to pass upon the question of whether or not the information is sufficient to sustain a

conviction under section 2344, *supra.* It will be noted that the offense defined by this section is limited to various kinds of assaults. The language of said section is not broad enough to include an assault and battery. In construing a statute, the terms of which are identical with section 2344, *supra,* the Supreme Court of North Dakota, in *State v. Marcks,* 3 N. D. 532, 58 N. W. 25, said the following:

"But it also clearly appears that the information embodies a charge against defendants of committing another offense, i. e., the common-law offense of assault and battery. The last named offense is one which is independent of the statutory felony defined in section 6510, and does not constitute an element of that offense. It is true that the information charges, in effect, that the assault and battery was committed with dangerous weapons, and with the felonious intent stated in the statute; but, after striking out such averments as surplusage—and they are surplusage—there is still left a sufficient charge of the independent crime of assault and battery. It follows that the demurrer to the information, upon the ground that it stated more than one offense, was well taken, and it was therefore error to overrule the same. For this error the judgment of conviction must be reversed. The information being fatally defective, no conviction under it can be sustained. The question presented upon this branch of the demurrer arises upon section 7244, Comp. Laws, which reads: 'The indictment must charge but one offense.' We have quite recently had occasion to construe this statute. See *State v. Smith,* 2 N. D. 515, 52 N. W. 320. The case we are now considering is ruled by that cited. As prosecutions under the statute in question are frequent, we will, as a guide for future cases arising under it, dispose of one other assignment of error. As has been seen, the trial court instructed the jury, in effect, that if the evidence satisfied them beyond a reasonable doubt that the defendants were not guilty of the felonious

charge, but were guilty of assault and battery, they could find defendants guilty of the offense of assault and battery. The jury returned a verdict for assault and battery. An exception to the instruction was saved, and a motion for a new trial was made. We think, however, that the point could have been as well presented on a motion in arrest of judgment, which was also made. Code Cr. Proc. sec. 425; Comp. Laws, sec. 7452. We are of the opinion that it was error to overrule the motion in arrest of judgment, not simply alone, and because the information was invalid, in that it charged two offenses, but upon the further ground that no conviction for assault and battery can be had under an information charging the particular felony created by section 6510 of the statute. We are clear that assault and battery is not a lower degree of the statutory crime, and that it is not an essential element in the greater offense. A simple assault is necessarily a part of the aggravated assault, but an assault and battery is not. Under the statute of this state (section 7429, Comp. Laws), 'the jury may find the defendant guilty of any offense the commission of which is necessarily included in that upon which he is charged in the indictment.' *State v. Johnson*, 3 N. D. 150, 54 N. W. 547. Under the rule of exclusion, this section must be so construed as to exclude all offenses which are not necessarily included in the commission of the higher offense charged in the information or indictment. The offense described in section 6510 is one which can be, and often is, consummated without a battery, and hence assault and battery is an offense not necessarily included in the commission of the statutory felony. It matters not that in this case the information charges an assault and battery, when armed with dangerous weapons, and with intent to do bodily harm. These averments charge no offense other than simple assault and battery, which offense, as has been seen, is not an essential element of the felony charged in the information. *Turner v. Muskegon Circuit Judge*, 88 Mich. 359, 50 N. W. 310; *Territory v. Dooley*, 4 Mont.

295, 1 Pac. 747.; *People v. Keefer,* 18 Cal. 637; *State v. White,* 45 Iowa, 325."

See, also, *State v. Barnes,* 29 N. D. 164, 150 N. W. 557, Ann. Cas. 1917C, 762; *State v. Cotton,* 36 S. D. 396, 155 N. W. 8.

It follows, *a fortiori,* that if simple assault and battery is not necessarily included within the terms of section 2344, *supra,* assaults and batteries of the higher grade defined by section 2336 are not included therein.

The first part of section 2344 makes it a felony to commit an assault upon a person with any sharp or dangerous weapon with intent to do bodily harm, and without justifiable or excusable cause; the second part makes it an offense to shoot at another, or to attempt to shoot at another, with any kind of a firearm or air gun or other means whatever, with the same intent and without intent to kill and without justifiable or excusable cause. The language of said section, therefore, cannot with reason be construed as broad enough to include assaults and batteries made with sharp and dangerous weapons, or by firearms, but such offenses would be included within section 2336, Rev. Laws 1910, which provides as follows:

"Any person who intentionally and wrongfully * * * shoots at, or attempts to shoot at another, with any kind of firearm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

The proof both on the part of the state and that of the defendant showed conclusively that the defendant

14-14

shot at and hit the prosecuting witness with a bullet discharged from the revolving pistol which he then and there had and held in his hands. The evidence in our opinion, therefore, discloses the commission of an offense of a higher grade than that attempted to be charged in the information, to wit, the offense defined in section 2336, *supra*. It is apparent, therefore, that the pleader should have charged the higher grade of offense defined by section 2336. See *Russell v. State,* 9 Okla. Cr. 692, 133 Pac. 475.

Section 2340, Rev. Laws 1910, defines simple assault as follows:

"An assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another."

A battery is defined by section 2341, Rev. Laws 1910, as follows:

"A battery is any willful and unlawful use of force or violence upon the person of another."

From such definitions, it is apparent that the assault ofttimes culminates in the battery. The attempt to injure is completed when the proof shows a battery. It follows, therefore, that the crime of assault and battery necessarily includes the assault leading up to the battery, and if assault and battery is charged in the information and the proof shows that there was only an unlawful attempt to injure, then there may be a conviction of simple assault; but not so where the charge in the information is merely that of an assault, because there can be no conviction of assault and battery where assault merely is charged, because the battery is not necessarily included within such charge.

It is advisable and necessary, therefore, for the pleader, where there is evidence to sustain the battery charge, to plead same in the information. If such be done, then no difficulty will be experienced if the proof merely shows any lesser degree of assault, and where it is evident that one person shoots another with a revolving pistol, as in this case, the county attorney should draw his information in the first instance under section 2336, Rev. Laws 1910, and if that be done, then a conviction may be upheld under said section for any lesser and necessarily included assault, or assault and battery, as indicated in the opinion of this court in *Russell v. State, supra.*

At the close of the introduction of evidence on the part of the state, the defendant interposed what was styled a "demurrer to the evidence" on the grounds: "(1) That the evidence did not warrant the court in submitting the case to the jury for any offense charged in the information; and (2) for the reason that there was a fatal variance between the information and the proof on the part of the state." We are of the opinion that the trial court, upon the presentation of said motion or demurrer, should have instructed the jury to return a verdict of "not guilty by reason of variance between charge and proof," as provided in section 5921, Rev. Laws 1910, and should have ordered defendant held for trial under a new information, as provided by section 5930, Rev. Laws 1910.

The judgment of conviction is accordingly reversed, and the cause remanded for further proceedings in accordance with this opinion.

Mandate forthwith.

DOYLE, P. J., and ARMSTRONG, J., concur.